The STATE of Ohio, Appellant,

v.

PATTERSON, Appellee.

[Cite as *State v. Patterson* (1998), 128 Ohio App.3d 174.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–970285.

Decided March 27, 1998.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Sherry Green,* Assistant Prosecuting Attorney, for appellant.

*Daniel B. Mulholland,* for appellee.

PAINTER, Judge.

Appellee Lynne Patterson applied to the sentencing court for the sealing of her record of conviction as allowed under R.C. 2953.32. Approximately sixteen months previously, the trial court, after accepting Patterson's guilty pleas to two of three counts in the indictment against her, had convicted her of falsification and election falsification in violation of R.C. 2921.13(A) and R.C. 3599.36, respectively.

The state, at the hearing on the application, first raised an objection to the sealing of Patterson's record, contending that she was not a "first offender" as defined by R.C. 2953.31(A) because the offenses for which she was convicted occurred seven months apart. (The state filed no written objection to the application as plainly required by R.C. 2953.32[B]. However, the Ohio Supreme Court has "interpreted" the plain language of the statute to be optional only.[1]) After a hearing, the trial court granted Patterson's application, determining that the convictions arose from the same set of facts. The state now contends, in its sole assignment of error, that the trial court erred as a matter of law in granting Patterson's application. It argues that because Patterson's convictions were for two separate offenses, which were committed on two separate dates, she does not meet the statutory definition of a first offender. Patterson contends that because her convictions were connected with the same act, she was a first offender.

Only a first offender can apply to a sentencing court to seal the record of her conviction. R.C. 2953.32(A) defines a first offender, in part, as "anyone who has been convicted of an offense in this state * * * and who previously or subsequently has not been convicted of the same or a different offense in this state * * *. When two or more convictions *result from or are connected with the same act*, or result from offenses committed at the same time, they shall be counted as one conviction." (Emphasis added.)

Whether one is a first offender is a question of law to be determined *de novo* by a reviewing court.[2] But whether the facts in any case meet the definition of "first offender" is, in many cases, a question of fact.[3] Obviously, the facts of each case must be considered in order to determine whether two convictions

---

1. *State v. Hamilton* (1996), 75 Ohio St.3d 636, 638, 665 N.E.2d 669, 670.

2. *State v. McGinnis* (1993), 90 Ohio App.3d 479, 481, 629 N.E.2d 1084, 1085.

3. See *State v. Porter* (Dec. 30, 1992), Medina App. No. 2114, unreported, 1992 WL 393169; cf. *Cleveland, Columbus & Cincinnati Hwy., Inc. v. Pub. Util. Comm.* (1943), 141 Ohio St. 413, 25 O.O. 548, 48 N.E.2d 239, syllabus; *State v. Stargell* (Oct. 15, 1992), Montgomery App. No. 13021, unreported, 1992 WL 288784.

"result from or are connected with the same act." The trial judge must make this determination based on the particular facts of each case. Only then may a reviewing court determine whether the trial judge's decision comports with the law.

■■ Further, we must always be cognizant that the statute allowing for the sealing of a first offender's record is remedial in nature.[4] Thus, it should be liberally construed to effectuate its purpose, which is "to facilitate the prompt transition of [first offenders] into meaningful and productive roles."[5] Likewise, when construing a statute, we must give effect to the words used, and neither delete nor insert words into the statute.[6]

■ The state, based on its erroneous assumption that offenses occurring on separate dates can *never* constitute one conviction as defined by R.C. 2953.31(A), argued below that the facts of the underlying convictions were not relevant. Consequently, the record before us is devoid of a description of the underlying facts concerning the crimes Patterson committed. The only part of the record we have before us that alludes to any facts is Patterson's indictment. The indictment alleged, in part, that on July 5, 1995, Patterson made a material false statement under oath or affirmation to the grand jury investigating election falsification "as to the Committee To Defeat Merger" and that on December 1, 1994, Patterson, in a "Political Action Committee Finance Report" did "purposely state a falsehood as to a material matter relating to an election or in a matter in relation to which an oath or statement under penalty of election falsification is authorized by law." (While Patterson pleaded guilty to falsification and election falsification, the indictment charged her with perjury and election falsification.)

■ Patterson argues that she is a first offender because her two convictions under the indictment "are connected with the same act." "Connected with" has been defined as "being linked together logically."[7] The trial judge, being familiar with the facts of the case, as indicated by his comments at the expungement hearing, made the factual determination that the facts merged the convictions into one for the purpose of sealing Patterson's record. The state, as appellant, has the burden of demonstrating error by reference to matters in the record.[8]

4. *Barker v. State* (1980), 62 Ohio St.2d 35, 41, 16 O.O.3d 22, 25–26, 402 N.E.2d 550, 555.

5. *Id.*

6. *Cleveland Elec. Illum. Co. v. Cleveland* (1988), 37 Ohio St.3d 50, 524 N.E.2d 441, paragraph three of the syllabus; *State v. Bidinost* (1994), 71 Ohio St.3d 449, 462–463, 644 N.E.2d 318, 329.

7. *State v. McGinnis*, 90 Ohio App.3d at 482, 629 N.E.2d at 1985.

8. *State v. Skaggs* (1978), 53 Ohio St.2d 162, 7 O.O.3d 243, 372 N.E.2d 1355.

Where that burden is not met, "all reasonable presumptions consistent with the record will be indulged in favor of the validity of the judgment or decision under review and of the regularity and legality of the proceeding below."[9]  Based on the record before us and the presumption of regularity afforded to the trial court's decision, we must affirm.

*Judgment affirmed.*

GORMAN, P.J., and SHANNON, J., concur.

RAYMOND E. SHANNON, J., retired, of the First Appellate District, sitting by assignment.

---

**9.** *In re Sublett* (1959), 169 Ohio St. 19, 20, 7 O.O.2d 487, 487, 157 N.E.2d 324, 324–325; *State v. Held* (July 22, 1981), Hamilton App. Nos. C–800566 and C–800574, unreported, 1981 WL 9918.