OPINION
Appellant, the State of Ohio, appeals the judgment of the Geauga County Court of Common Pleas granting appellee Edward Raskov's motion to seal the record of his conviction.
On August 31, 1992, a complaint was filed against appellee alleging that "on or about August 25th and 26th," appellee forged and passed six checks totaling $5,185.92 at a Huntington Bank branch located in Geauga County. On September 4, 1992, appellee was indicted by the Geauga County Grand Jury on seven counts of forgery, in violation of R.C. 2913.31(A)(2); one count of grand theft, in violation of R.C. 2913.02(A)(1); one count of receiving stolen property, in violation of R.C.2913.51(A); one count of theft, in violation of R.C.2913.02(A)(1); one count of forgery, in violation of R.C.2913.31(A)(3); and one count of passing bad checks, in violation of R.C. 2913.11(A). The indictment alleged that the offenses occurred during the period of August 14, 1992 to September 1, 1992.
In September 1994, appellee pleaded guilty to five counts of forgery, in violation of R.C. 2913.31, and one count of grand theft, in violation of R.C. 2913.02. In exchange for his guilty plea, the prosecutor agreed to recommend dismissal of the remaining charges. On October 27, 1992, the trial court sentenced appellee to serve a two year term of incarceration at the Ohio State Reformatory on the grand theft count and a one and a half year term of incarceration on each of the forgery counts. The trial court ordered that all sentences be served concurrently; however, the trial court suspended the entire sentence and placed appellee on three years of probation. On June 16, 1999, appellee moved for expungement of his record. On June 18, 1999, the State filed an objection to appellee's motion, arguing that appellee could not have the record of his conviction sealed because he was not a "first offender" under R.C. 2953.31(A). On August 24, 1999, after conducting a hearing on the matter, the trial court sustained appellee's motion. From this judgment, the state assigns the following errors:
 "[1.] The trial court erred in granting appellee's application to seal his record when appellee is not a first offender and is therefore ineligible to have his record sealed.
 "[2.] The trial court erred in granting appellee's application to seal his record when appellee is not a first offender and therefore did not have jurisdiction to hear the matter."
 We will address the state's assignments of error together. In its first assignment of error, the state contends that because appellee was not a "first offender" under the definition set forth in R.C. 2953.31(A), his application for expungement should have been denied. In its second assignment of error, the state contends the trial court had no jurisdiction to grant the expungement because appellee was not a "first offender." The State asserts that appellee was not a "first offender" because he was convicted of six separate offenses occurring over the course of approximately two weeks.
Under R.C. 2953.32, a "first offender" may apply to the sentencing court for the sealing of the record of his conviction after the expiration of certain time limits. A trial court has no jurisdiction to grant an expungement unless the applicant is a "first offender." State v. Salzer (1985), 20 Ohio App.3d 277,485 N.E.2d 831. R.C. 2953.31(A) defines the term "first offender" as:
 "* * * anyone who has been convicted of an offense in this state or any other jurisdiction, and who previously or subsequently has not been convicted of the same or different offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act, or result from offenses committed at the same time, they shall be counted as one conviction."
 The state argues that appellee's convictions were not connected with the same act and did not result from offenses committed at the same time because the conduct, which gave rise to appellee's convictions, consisted of signing stolen checks and presenting them to banks on separate days. Although the indictment alleges that the offenses were committed during the period from August 14, 1992 to September 1, 1992, we cannot discern from the record when appellee committed each of the offenses for which he was convicted. The only information included in the record is the complaint filed against appellee that alleges that he presented six forged checks totaling $5,185.92 at a branch of the Huntington Bank located in Geauga County on or about August 25th and August 26th.
Appellee was indicted on seven counts of forgery, in violation of R.C. 2913.31(A)(2) and one count of grand theft, which would indicate that he forged seven separate checks and received over $5,000 from cashing those checks. Because the specific amounts of the checks and the dates on which they were presented to the bank were not included in the indictment and that information is not a part of the record, it is possible that appellee forged five of the seven checks on one day and presented those checks to the bank on the same day. Under that factual scenario, appellee's offenses would have occurred at the same time and he could be considered a "first offender" under R.C.2953.31(A).
When appealing a trial court's decision to grant an application for expungement on the grounds that the offender is not a "first offender," the state has the burden of demonstrating that multiple convictions should not be construed as one act by referring to matters in the record on appeal. State v. Patterson
(1998), 128 Ohio App.3d 174, 714 N.E.2d 409. As the First Appellate District stated in Patterson,
 "[w]here that burden is not met, `all reasonable presumptions consistent with the record [on appeal] will be indulged in favor of the validity of the judgment or decision under review and of the regularity and legality of the proceeding below.'" Id., quoting In re Sublett (1959), 169 Ohio St. 19, 20, 157 N.E.2d 324.
 Because the state has not met its burden of demonstrating that appellee was convicted of multiple offenses resulting from offenses occurring on separate days, we will presume the regularity and legality of the trial court's classification of appellee as a "first offender." The state's assignments of error have no merit.
For the foregoing reasons, the judgment of the Geauga County Court of Common Pleas is affirmed.
JUDGE ROBERT A. NADER
FORD, P.J., CHRISTLEY, J., concur.