[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Pursuant to R.C. 2945.67 and Crim.R. 12(J), appellant, the state of Ohio, appeals the juvenile court's decision granting the motion of the allegedly delinquent child, Marvin Wynn, to suppress evidence. However, the state has failed to file a transcript of the hearing on the motion to suppress. A few days before oral argument in this court was scheduled, the state filed a motion to supplement the record pursuant to App.R. 9(E) or, in the alternative, to reschedule oral argument. This motion was filed many months after the other parts of the record and the briefs were filed. Consequently, we deny the state's motion because it was not timely filed. See State v. Williams (1995), 73 Ohio St.3d 153, 160,652 N.E.2d 721, 728-729; Cobb v. Cobb (1980), 62 Ohio St.2d 124,126-127, 403 N.E.2d 991, 993; Jones v. Jones (Dec. 29, 1986), Licking App. No. C4-3224, unreported.
The state, as the appellant, bears the burden of showing error by reference to matters in the record. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384, 385; State v. Skaggs
(1978), 53 Ohio St.2d 162, 163, 372 N.E.2d 1355, 1357; State v.Patterson (1998), 128 Ohio App.3d 174, 177-178, 714 N.E.2d 409, 412. Where portions of the transcript necessary for resolution of the assigned errors are omitted from the record, the reviewing court has nothing to pass upon and therefore has no choice but to presume the validity of the lower court's proceedings. Knapp, supra, at 199, 400 N.E.2d at 385;Patterson, supra, at 177-178, 714 N.E.2d at 412. Based on the record before us and the presumption of regularity, we have no choice but to overrule the state's assignment of error and affirm the juvenile court's decision.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Doan and Hildebrandt, JJ.