DECISION
The State of Ohio, plaintiff-appellant, appeals the December 15, 2000 judgment of the Franklin County Court of Common Pleas granting the application for the sealing of criminal record filed by Patrick D. Korn, defendant-appellee.
On August 1, 1995, appellee was indicted on one count of receiving stolen property, in violation of R.C. 2913.51, a felony of the third degree, and one count of failure to comply with an order or signal of a police officer, in violation of R.C. 2921.331, a felony of the fourth degree, arising from conduct occurring on June 16, 1995. On April 22, 1996, appellee pled guilty to one count of a stipulated lesser-included offense of receiving stolen property and one count of failure to comply with an order of a police officer, both felonies of the fourth degree. On June 11, 1996, the trial court sentenced appellee to one and one-half year determinate sentences on each count to run concurrent to each other but suspended the sentences and placed appellee on probation.
On October 25, 2000, appellee filed a motion to have his record sealed. Appellant has filed an objection, claiming that appellee was not a "first offender" as defined by R.C. 2953.31(A). A hearing was held on December 14, 2000, and on December 15, 2000, the trial court granted appellee's motion to seal his criminal record. Appellant has filed an appeal of the trial court's December 15, 2000 judgment. Appellee has filed no appellate brief. Appellant asserts the following assignment of error:
 THE TRIAL COURT ERRED IN GRANTING THE SEALING OF DEFENDANT'S RECORD WHERE THE DEFENDANT WAS INELIGIBLE FOR EXPUNGEMENT AS A "FIRST OFFENDER" UNDER R.C. 2953.32(A) DUE TO HIS PRIOR CONVICTIONS FOR RESISTING ARREST AND DISORDERLY CONDUCT.
Appellant argues in its assignment of error that the trial court erred in granting appellee's motion to seal his criminal record because he was not a "first offender" pursuant to R.C. 2953.32(A). R.C. 2953.32(A)(1) allows a first offender to seek to have his felony record sealed by the sentencing court at the expiration of three years after the offender's final discharge. "[P]rior to invoking the jurisdiction of the court under R.C. 2953.32, the applicant must in fact be a `first offender' as defined in R.C. 2953.31." State v. Thomas (1979), 64 Ohio App.2d 141, 145. R.C.2953.31(A) provides:
 "First offender" means anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction.
 For purposes of, and except as otherwise provided in, this division, a conviction for a minor misdemeanor, a conviction for a violation of any section in Chapter 4511., 4513., or 4549. of the Revised Code, or a conviction for a violation of a municipal ordinance that is substantially similar to any section in those chapters is not a previous or subsequent conviction. A conviction for a violation of section 4511.19, 4511.192, 4511.251, 4549.02, 4549.021, 4549.03, 4549.042, or 4549.07 or sections 4549.41 to 4549.46 of the Revised Code, or a conviction for a violation of a municipal ordinance that is substantially similar to any of those sections, shall be considered a previous or subsequent conviction.
Whether one is a first offender is a question of law to be determined de novo by a reviewing court. State v. Derugen (1996), 110 Ohio App.3d 408,410. However, whether the facts in any case meet the definition of first offender is, in many cases, a question of fact. State v. Patterson (1998), 128 Ohio App.3d 174.
Appellant contends appellee is not a "first offender" because he has two prior convictions for resisting arrest and disorderly conduct and those offenses did not result from the "same act" or the "same conviction" as the instant offenses. The record reveals that appellee was arrested in August 1994 for criminal trespass, which resulted in the conviction for disorderly conduct in April 1995. The arrest for the instant offenses of receiving stolen property and failure to comply with an order of a police officer occurred on June 16, 1995. Appellee was again arrested on June 20, 1995, and charged with gambling, assault, and resisting arrest, resulting in a conviction for resisting arrest in October 1995. Appellant argues that even though the conduct serving as the basis for the resisting arrest occurred within four days of the instant offenses, appellee failed to show how these offenses were related. Appellant also asserts the disorderly conduct conviction was clearly unrelated to the instant offenses, as evidence by the dates of the arrests.
With regard to the alleged disorderly conduct conviction in April 1995, the facts are unclear. At the hearing before the trial court, appellant provided a printout from the Bureau of Criminal Identification and Investigation indicating appellee's criminal record, which appellant later provided to this court via a motion to supplement the record. This document shows appellee's instant offenses as well as his conviction for resisting arrest in October 1995. However, the disorderly conduct conviction in April 1995, which arose from the criminal trespassing charge in August 1994, was handwritten on the document by an unknown author. This handwritten notation is the only evidence of the disorderly conduct conviction. The transcript of the expungement hearing below reveals that appellee's counsel also presented an arrest record to the trial court that apparently did not reference the disorderly conduct conviction. Adding to the confusion, the trial judge appears to have misread the handwritten notation for the "8-94" criminal trespassing arrest and incorrectly referred to the eventual conviction for disorderly conduct in 1995 as "some offense in 1996." Immediately thereafter, appellee's counsel urged the court that his copy of the arrest record "show[ed] nothing for 1996." A copy of the arrest record presented by appellee to the trial court is not in the record before us thus, we cannot confirm or deny either party's version. The judge apparently chose to believe appellee's version of the arrest record and did not take into consideration the handwritten notation by the unknown author with regard to the disorderly conduct conviction. As the judge was in the best position to make a determination as to credibility, we find no error in his judgment on this issue.
Appellant also argues that appellee failed to show how his resisting arrest conviction was related to the instant offenses. Obviously, the facts of each case must be considered in order to determine whether the resisting arrest and the instant offenses are convictions that "result from or are connected with the same act." See Patterson, supra, at 176. However, during the brief expungement hearing, no evidence was presented by either party regarding the underlying facts of the resisting arrest conviction. Further, the only evidence we have in the record before us as to the instant offenses of receiving stolen property and failure to comply with an order of a police officer are from the indictment, which indicates that appellee was apparently in receipt of a stolen vehicle and then attempted to elude the police.
Appellee argued before the trial court that he is a first offender because his convictions were "connected with the same act." "Connected" has been defined as being "linked together * * * logically." State v. McGinnis (1993), 90 Ohio App.3d 479, 482. Further, offenses occurring on separate dates may constitute one conviction as defined by R.C. 2953.31(A), depending upon the facts comprising the offenses. See Patterson, supra, at 177 (offenses taking place seven months apart were "connected with the same act"); see, also, In re M.B. (June 29, 2000), Franklin App. No. 99AP-922, unreported (offenses taking place seven days apart may be "connected with the same act"). Appellee stated that all of the events surrounding his convictions occurred within a four-day period, and the cases were consolidated before the same trial judge. The trial court apparently made the factual determination that the facts merged the convictions into one for the purpose of sealing appellee's record.
The record before us is devoid of a description of the underlying facts concerning the crimes committed giving rise to the resisting arrest conviction and scant details of the instant offenses. The state, as appellant, has the burden of demonstrating error by reference to matters in the record. State v. Skaggs (1978), 53 Ohio St.2d 162. Where that burden is not met, "all reasonable presumptions consistent with the record will be indulged in favor of the validity of the judgment under review and of the regularity and legality of the proceeding below." In re Sublett (1959), 169 Ohio St. 19, 20; State v. Held (July 22, 1981), Hamilton App. No. C-800566, unreported. Although it is not precisely clear how appellee's arrest on June 16, 1995 for receiving stolen property and failure to comply with an order of a police officer are "connected" with the underlying arrests for gambling, assault, and resisting arrest four days later, a set of circumstances is possible that could connect the incidents as to qualify appellee as a "first offender" under R.C. 2953.31(A). Based on the record before us, and the presumption of regularity afforded to the trial court's decision, we must affirm.
The same conclusion was reached under similar circumstances in Patterson, supra. In Patterson, the trial court granted Patterson's motion to expunge. On appeal, the record before the appellate court was devoid of descriptions of the underlying convictions. Citing Skaggs, the court in Patterson found that the state, as appellant, had the burden of demonstrating error by reference to matters in the record but failed to meet that burden. Thus, the appellate court presumed regularity of the proceeding below and affirmed the trial court's decision. The facts in Patterson are substantially similar to those in the present case as to make its analysis and reasoning compelling.
A similar result was also reached in State v. Raskov (June 16, 2000), Geauga App. No. 99-G-2251, unreported. In Raskov, Raskov had previously pled guilty to five counts of forgery and one count of grand theft arising from incidents which took place over a two-week period. Raskov eventually filed a motion to have his record sealed, which was granted. The state appealed, contending that Raskov was not a "first offender" because his convictions were not connected with the same act and did not result from offenses committed at the same time. The appellate court stated that it could not discern the underlying facts of the convictions from the record but hypothesized a possible factual scenario that could have occurred as to qualify Raskov as a "first offender." Citing Patterson, the court found that because the state had not met its burden of demonstrating that Patterson was convicted of multiple offenses resulting from unconnected acts committed at separate times, it presumed the regularity and legality of the trial court's classification of Patterson as a "first offender." Therefore, the court in Raskov found the state's assignments of error had no merit. Given the similar lack of a clear record in the present case, we find Raskov persuasive. See, also, State v. Porter (Dec. 30, 1992), Medina App. No. 2114, unreported (when there is no evidence in the record regarding the underlying offenses to either support or refute a trial court's finding that two convictions were connected to the same act, the state has failed to meet its burden, and the appellate court must assume the factual finding that the appellee was a "first offender" was supported by the evidence).
We are also mindful that the statute allowing for the sealing of a first offender's record is remedial in nature. See Barker v. State (1980), 62 Ohio St.2d 35, 41. Thus, it should be liberally construed to effectuate its purpose, which is "to facilitate the prompt transition of [first offenders] into meaningful and productive roles." Id. For the foregoing reasons, under the specific facts of this case, we find that the trial court did not err in granting appellee's motion to seal his record.
Accordingly, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
 _________________ BROWN, J.
TYACK, J., and BRYANT, P.J., concur.