OPINION
{¶ 1} Appellant, State of Ohio, appeals from the September 20, 2002 judgment entry of the Franklin County Court of Common Pleas granting the application of appellee, Stanetta S. Suel, to seal conviction. For the reasons that follow, we reverse and remand the case for further consideration by the trial court.
 {¶ 2} The record establishes the following facts: On June 25, 2002, appellee filed an application for expungement of conviction pursuant to R.C. 2953.32. On August 2, 2002, appellant objected to the application on the ground that appellee was not a "first offender" eligible for expungement. In support of the objection, the state submitted a Bureau of Criminal Identification Investigation ("BCII") document showing two separate arrests and subsequent convictions of appellee.
 {¶ 3} Appellee had been arrested and charged with five counts of forgery on February 24, 1984. Appellee pled guilty to two counts of forgery in December 1985. On April 1, 1985, appellee was arrested for petit theft and later convicted of unauthorized use of property in June 1985. Appellee's application to seal conviction relates to the counts of forgery.
 {¶ 4} The trial court held a hearing on the application for expungement on September 19, 2002. In response to appellant's objection, the trial court asked appellee whether she recalled the separate convictions. Appellee responded in the affirmative stating "[y]eah, because he run them all together." (Tr. 2.) Appellee apparently presented documents to the trial court in support of the contention that the separate convictions constituted a single, first offense for the purposes of R.C. 2953.32(C)(1)(a). (Tr. 3.) The trial court reviewed the documents and returned them to appellee. The trial court granted appellee's application and filed the expungement order on September 20, 2002 noting "the two cases referred to in the prosecutor's memo contra involve the same occurance [sic]."
 {¶ 5} On October 21, 2002, appellant filed a timely notice of appeal. On November 26, 2002, appellant moved to supplement the record with documents provided by appellee to the trial judge at the expungement hearing. On December 2, 2002, this court granted the motion and ordered appellee to provide copies of the tendered documents for inclusion in the record. Appellee failed to comply with the order. Appellee filed no appellate brief. Appellant assigns two points of error:
 {¶ 6} "[1.] The trial court erred when it granted the application to seal conviction, there being insufficient evidence to support the conclusion that defendant is a `first offender.'
 {¶ 7} "[2.] The trial court abused its discretion when it granted the application to seal conviction based on documentary materials that were neither filed in the court file nor marked or admitted as exhibits at the expungement hearing."
 {¶ 8} Appellant's assignments of error are interrelated and will be addressed together. Appellant argues that the trial court erred in granting appellee's motion to seal because she was not a "first offender." R.C. 2953.32(A)(1) allows a first offender to seek to have a criminal conviction sealed by the sentencing court at the expiration of three years after the offender's final discharge. Under R.C. 2953.31(A), a "first offender" is:
 {¶ 9} "[A]nyone who has been convicted of an offense in * * * and who previously or subsequently has not been convicted of the same or a different offense * * *. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction. * * *"
 {¶ 10} Expungement should only be granted when all requirements for eligibility are met. State v. Hamilton (1996), 75 Ohio St.3d 636,640. Only a first offender may apply to seal the record of conviction. R.C. 2953.32(A)(1). Whether an applicant is a first offender is a question of law to be determined de novo by a reviewing court. State v. Korn (June 12, 2001), Franklin App. No. 01AP-40, citing State v. Derugen (1996), 110 Ohio App.3d 408, 410. However, whether the facts in any case meet the definition of first offender is, in many cases, a question of fact. Korn, citing State v. Patterson (1998), 128 Ohio App.3d 174, 176. The trial judge makes the factual determination in a hearing based on the specific facts of the applicant's case. The purpose of the hearing is to provide a reviewing court with all relevant information bearing on an applicant's eligibility. Hamilton, at 640. Only then may a reviewing court determine whether a trial judge's decision comports with the law. Patterson, at 177.
 {¶ 11} The trial court has considerable discretion when deciding whether to grant or deny an application to seal a criminal record. State v. Tyle, Franklin App. No. 01AP-1055, 2002-Ohio-4300, citing State v. Haney (1991), 70 Ohio App.3d 135, 139. An abuse of discretion connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Tyler, citing Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. An expungement proceeding is not an adversarial one; rather, the primary purpose of an expungement hearing is to gather information. State v. Simon (2000),87 Ohio St.3d 531, 533. The Rules of Evidence do not apply in such non-adversary statutory proceedings. Id.; see Evid.R. 101(C)(7).
 {¶ 12} On review of the record, this court is unable to determine whether appellee is a first offender due to the insufficiency of information contained therein. The trial court found appellee's two arrests and convictions involved the same occurrence, thus constituting a single conviction pursuant to R.C. 2953.32. However, BCII records show nearly 13 months passed between the time of the first and second arrests. The same documents show that six months passed between the time of the first and second convictions. We conclude this information does not support the trial court's finding, that appellee is a first offender eligible for expungement of conviction.
 {¶ 13} The record of the expungement hearing does not contain all of the relevant information bearing on appellee's eligibility. During the hearing, appellee presented documents to the trial judge in support of her application. Neither the documents, nor the particular facts contained within, have been made available to this court for consideration. The record shows the trial judge returned these documents to appellee without requesting copies for entry into the record. The transcript of the proceedings do not reveal the contents of these documents. In addition, appellee failed to comply with this court's December 2, 2002 order to supplement the record with said documents.
 {¶ 14} Here, there is not sufficient information in the record to support the trial court's decision to grant appellee's application. Absent some reviewable evidentiary basis for the trial court's finding appellee is a first offender, we must reverse the decision. Accordingly, we conclude the trial court abused its discretion and sustain appellant's assignments of error on these narrow grounds.
 {¶ 15} For the foregoing reasons, appellant's two assignments of error are sustained. We reverse and remand this matter for additional proceedings in accordance with this opinion.
Judgment reversed and remanded.
BROWN and WATSON, JJ., concur.