[Cite as *State v. Dixon*, 2023-Ohio-587.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220234 |
| | | TRIAL NO. B-0803781 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| MYRA DIXON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: March 1. 2023

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Krista Gieske*, Assistant Public Defender, for Defendant-Appellant.

**WINKLER, Judge.**

{¶1}     Myra Dixon appeals the judgment of the Hamilton County Court of Common Pleas denying her motion to seal the record of her conviction for child endangering.  Because Dixon has failed to demonstrate any error in the proceedings below, we affirm the trial court's judgment.

## I. Background Facts and Procedure

{¶2}     In 2008, Dixon pleaded guilty to child endangering in violation of R.C. 2919.22(A), a first-degree misdemeanor that contains as an element that the victim was under the age of 18.  In February 2022, Dixon applied for the sealing of the record of that conviction and did not indicate the age of her child victim in her application.

{¶3}     The state filed an objection to Dixon's application to seal on the ground that the victim of the offense was under one year of age.  R.C. 2953.36(A)(7) in relevant part prohibits record sealing where the victim of the first-degree misdemeanor offense in question was under the age of 16.

{¶4}     After a hearing, the trial court denied the application to seal.  In its entry, the trial court relayed that it had reviewed "the defendant's application for expungement, objections of [the state], the arguments of the parties, and the report of the probation department."  The court further indicated that, "[i]f Ohio law were to change in a manner that would render [Dixon] eligible for the sought after relief, then this denial is without prejudice to refiling."

{¶5}     Dixon now appeals, arguing in her sole assignment of error that the trial court erred by denying her motion to seal. She does not dispute that she would be statutory ineligible if the state demonstrated that the victim of her offense was under

2

the age of 16. She contends the record does not demonstrate that she was ineligible based on the age of the victim.

## II. Analysis

{¶6} The sealing of records of a conviction is a privilege not a right. *State v. Sager*, 2019-Ohio-135, 131 N.E.3d 335, ¶ 9 (1st Dist.). The proceedings following the filing of the application to seal are designed to elicit the facts. *See State v. Hamilton*, 75 Ohio St.3d 636, 640, 665 N.E.2d 669 (1996) ("[T]he essential purpose of an expungement hearing is to provide a reviewing court with all relevant information bearing on an applicant's eligibility for expungement. Advocacy is subordinated to information gathering."); *State v. Simon*, 87 Ohio St.3d 531, 533, 721 N.E.2d 1041 (2000).

{¶7} Whether an offender is statutorily eligible is a threshold question of law that depends upon the particular facts of the case. *State v. Patterson*, 128 Ohio App.3d 174, 177, 714 N.E.2d 409 (1st Dist.1998). This appeal involves that threshold issue.

{¶8} The indictment and other documents from the proceedings resulting in the child-endangering conviction do not specify the age of the child. But the state asserted in its objection to Dixon's application to seal that Dixon was not eligible because the victim was under the age of one. The trial court was required to consider that objection along with other information presented at the hearing on Dixon's application. *See* R.C. 2953.32(C)(1)(d). The record in this appeal, however, does not contain a transcript from the hearing on Dixon's application to seal.

{¶9} "Upon appeal of an adverse judgment, it is the duty of the appellant to ensure that the record, or whatever portions thereof are necessary for the determination of the appeal, are filed with the court in which [the appellant] seeks

review." *Rose Chevrolet v. Adams*, 36 Ohio St.3d 17, 19, 520 N.E.2d 564 (1988). If there was no recording of the hearing or no transcript is available, an appellant may file an appropriate substitute of the proceedings in accordance with App.R. 9. *See* App.R. 9(C) and (D); *Rose* at 19. Dixon claims there was no recording of the hearing. Despite this claim, the record reveals no attempt to take advantage of these provisions affording an alternative to a transcript.

{¶10} Generally, when the appellant has failed her in duty to ensure that this court has the record necessary to the resolution of assigned errors, this court must presume the regularity of the lower court's proceedings and affirm the judgment of the trial court. *See, e.g., Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980); *Patterson,* 128 Ohio App.3d at 177-178, 714 N.E.2d 409.

{¶11} We presume regularity in the trial court proceedings and conclude based on the record presented that Dixon was ineligible for sealing because her victim was under the age of 16. Therefore, we hold that the trial court properly denied Dixon's application to seal. Accordingly, we overrule the assignment of error and affirm the trial court's judgment.

### III. Conclusion

{¶12} We overrule Dixon's assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**ZAYAS, P.J.,** and **BERGERON, J.,** concur.
Please note:

The court has recorded its entry on the date of the release of this opinion.

4