The STATE of Ohio, Appellant,

v.

COLEMAN, Appellee.

[Cite as *State v. Coleman* (1997), 117 Ohio App.3d 726.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–960437.

Decided Jan. 29, 1997.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Jennifer E. Day,* Assistant Prosecuting Attorney, for appellant.

*Terrence J. Southard,* for appellee.

GORMAN, Judge.

The state appeals from the judgment of the trial court granting defendant-appellee Timothy Coleman's motion to expunge his 1975 conviction for possession of narcotics for sale. In its sole assignment of error, the state argues that the trial court erred as a matter of law in granting the expungement because Coleman was not a first offender.[1]

Under R.C. 2953.32, a "first offender" may apply to the sentencing court for the sealing of the record of his conviction after the expiration of certain time limits. A "first offender" for purposes of R.C. 2953.32 "means anyone who has

---

1. We have *sua sponte* removed this case from the accelerated calendar.

been convicted of an offense in this state or any other jurisdiction, and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction." R.C. 2953.31(A).

█ In order for the trial court to have jurisdiction to expunge the record of conviction, the defendant-applicant must be a first offender. *State v. May* (1991), 72 Ohio App.3d 664, 595 N.E.2d 980; *State v. Saltzer* (1985), 20 Ohio App.3d 277, 20 OBR 368, 485 N.E.2d 831. The trial court has no discretion in this regard.

█ It is undisputed that Coleman has four prior convictions of record which were entered when Coleman was between the ages of eighteen and twenty-one. Coleman argued in this court and below that because he was under the age of twenty-one at the time of the four prior convictions, the convictions were juvenile adjudications and should not count against him. However, Coleman's argument misinterprets the law.

█ Proceedings in juvenile court are not considered in determining first-offender status because these proceedings are not criminal.[2] When the juvenile court finds a "child" guilty of breaking the law, the child is not convicted, but adjudicated delinquent. A "child" for purposes of the juvenile delinquency law means a person who is under the age of eighteen years. R.C. 2151.011(B)(1)(a). This was also the definition of a "child" at the time of Coleman's prior convictions. R.C. 2151.01(B)(1) (promulgated in 1953 and repealed in 1989).

Coleman's four previous convictions occurred when he was between the ages of eighteen and twenty-one. He was not adjudicated delinquent before the juvenile court, but convicted in "adult court." Therefore, Coleman is not a first offender and the trial court did not have jurisdiction to grant the expungement. The assignment of error is sustained, and the judgment of the trial court is vacated for want of jurisdiction.

*Judgment vacated.*

SUNDERMANN, J., concurs.

MARIANNA BROWN BETTMAN, P.J., concurs separately.

MARIANNA BROWN BETTMAN, Presiding Judge, concurring.

While I agree with my colleagues that the law of Ohio requires us to vacate the judgment granting Coleman's expungement, I write separately in the hope that

---

2. However, if a defendant under the age of eighteen is bound over to the appropriate "adult court," a subsequent finding of guilt does count as a conviction for purposes of the expungement statute. See R.C. 2151.011(B)(1)(a).

the legislature will consider amending the expungement statute to give our trial judges discretion in the granting of expungements. The present law gives judges discretion to deny an expungement to a defendant who otherwise meets the definition of a first offender. This is proper and reasonable, in that certain offenders and certain offenses do not warrant expungement under any circumstances. The problem is that the reverse is also true, that certain defendants who do not technically meet the present definition of first offender would clearly benefit from the statute's remedial purpose, and our trial judges, who are in the best position to make this decision, are handcuffed by the present law.

In *Barker v. State* (1980), 62 Ohio St.2d 35, 41, 16 O.O.3d 22, 26, 402 N.E.2d 550, 555, the Ohio Supreme Court wrote that the purpose of the expungement statute "is to provide remedial relief to qualified offenders in order to facilitate the prompt transition of these individuals into meaningful and productive roles." The court went on to hold that as with all remedial provisions, the expungement statute should be liberally construed to promote its purpose. That purpose, it seems to me, is to encourage those who have committed crimes, who have been appropriately punished, and who have been properly rehabilitated to get on with their lives. Nowhere, perhaps, is this more important than in getting and keeping a job. We want to encourage all of our citizens to have productive employment.

Upon review of the transcript of the hearing, it is apparent that the trial judge, in attempting to grant expungement, was influenced by the fact that Coleman was young at the time he committed the offenses, had committed no other offenses in over twenty-one years, and was seeking the expungement to get a better job. All of this seems to comport with the policies discussed in *Barker, supra*, and yet our trial judges are unable to effectuate these goals under the present statute.