[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant state of Ohio appeals from the trial court's judgment granting defendant-appellee Michael Eubanks's motion to expunge his 1995 conviction for trafficking in drugs. The state's sole assignment of error alleges that the trial court erred as a matter of law in granting the application for expungement because Eubanks was not a first offender, since he had a conviction in 1991 for public indecency, a misdemeanor of the fourth degree.
Pursuant to R.C. 2953.32, a "first offender" may apply for expungement of his conviction after certain time limits have expired. A "first offender" is defined in R.C. 2953.31(A) as "anyone who has been convicted of an offense in this state or any other jurisdiction, and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction." "In order for the trial court to have jurisdiction to expunge the record of conviction, the defendant-applicant must be a first offender." State v. Coleman (1997),117 Ohio App.3d 726, 728, 691 N.E.2d 369, 370 (emphasis in original).
The record does not contain a copy of Eubanks's conviction for public indecency. The prosecutor brought the conviction to the attention of the trial court at the hearing on the expungement application. It is clear from the record that the trial court had "the paperwork" regarding the prior conviction. When he was questioned about the prior conviction, Eubanks conceded that he had been convicted in 1991 for public indecency. While the better practice would have been to enter a copy of the previous conviction into the record, there is evidence demonstrating that Eubanks was not a "first offender." See State v. Evans (Nov. 19, 1999), Hamilton App. No. C-990287, unreported. Therefore, the trial court did not have jurisdiction to grant the expungement. See State v.Coleman, supra. The assignment of error is sustained.
Therefore, the judgment of the trial court is vacated for want of jurisdiction. Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hiildebrandt and Winkler, JJ.