OPINION
{¶ 1} The issue to be decided in this appeal is whether defendant-appellee, Greg Kelly, qualifies as a first offender within the meaning of R.C. 2953.31 and is eligible for expungement of his criminal record pursuant to R.C. 2953.32.
 {¶ 2} In Warren County Court Case No. 99CRB00552, appellee was charged with two counts of misdemeanor assault arising out of a June 23, 1999 incident. In another incident which occurred six weeks later on August 4, 1999, appellee was charged in Warren County Court Case No. 99CRB00835 with two counts of aggravated menacing and one count each of menacing and aggravated criminal trespass, all misdemeanors. A review of the trial court filings indicates the two cases involved different crimes, victims, locations and circumstances, and were charged under separate complaints.
 {¶ 3} In two separate trials, appellee was convicted on one count of assault in Case No. 552 and one count of menacing in Case No. 835, respectively. On June 8, 2000, the trial court sentenced appellee in both cases, issuing separate sentencing entries in each case.[1]
 {¶ 4} On October 23, 2001, appellee filed an application for expungement. Over appellant's objection, the trial court granted the application, finding "that [appellee] is a first offender, as defined by R.C. 2953.31, effective March 23, 2000, and is eligible for expungement pursuant to R.C. 2953.32, effective March 23, 2000." In a timely appeal, appellant presents a single assignment of error which claims the trial court erred in granting appellee's application for expungement.
 {¶ 5} "`[E]xpungement is an act of grace created by the state,' and so is a privilege, not a right." State v. Simon, 87 Ohio St.3d 531,533, 2000-Ohio-474, quoting State v. Hamilton, 75 Ohio St.3d 636, 639,1996-Ohio-440. See, also, State v. Hartup (1998), 126 Ohio App.3d 768, discretionary appeal not allowed, 82 Ohio St.3d 1451.
 {¶ 6} R.C. 2953.32 provides that a "first offender" may apply to the sentencing court to seal a record of conviction. State v. Brasch
(1997), 118 Ohio App.3d 659, 662. A "first offender" is anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense either in Ohio or any other jurisdiction. R.C.2953.31(A).
 {¶ 7} R.C. 2953.31(A) further provides that: "When two or three convictions result from the same indictment, information or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within athree-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction * * *." (Emphasis added.) Thus, an individual may still be eligible for expungement as a first offender despite having multiple convictions.
 {¶ 8} Whether one is a first offender is a question of law to be determined de novo by a reviewing court. State v. Derugen_(1996),110 Ohio App.3d 408, 410, discretionary appeal not allowed,77 Ohio St.3d 1419. However, whether the facts in any case meet the definition of first offender is, in many cases, a question of fact.State v. Patterson (1998), 128 Ohio App.3d 174, discretionary appeal not allowed, 82 Ohio St.3d 1474.
 {¶ 9} Multiple convictions must satisfy three requirements in order to qualify as "one conviction" under R.C. 2953.31. First, the convictions must result from the same charging instrument, same guilty plea, or same official proceeding. Second, the criminal acts must be committed within a three-month period. Finally, the criminal acts must be "related."
 {¶ 10} The record reveals that there were separate and distinct complaints filed under different case numbers regarding these two incidents. The two complaints in Case No. 552 were filed on June 24, 1999, while the four complaints in Case No. 835 were filed on August 5, 1999.[2] Thus, the two convictions do not arise out of the same complaint or other charging instrument.
 {¶ 11} Furthermore, the convictions did not arise from the same guilty plea. Appellant pled not guilty to all counts and the charges were independently tried on different dates resulting in separate findings of guilt in each case.
 {¶ 12} The only procedural nexus between the two cases occurred when appellee was sentenced on June 8, 2000. A separate sentencing entry was issued in each case. The trial court records contain no consolidation entry for sentencing purposes.
 {¶ 13} The parties have not cited, and our independent research has not disclosed, any Ohio case defining or expounding upon the term "same official proceeding" as used in R.C. 2953.31(A). There were no efforts to consolidate the cases for trial or prosecution under Crim.R. 8 and 13. Expediency and judicial economy appear to be the only reasons for sentencing appellee on the same day for both convictions.
 {¶ 14} We therefore conclude that where the two convictions are the result of separate cases proceeding with separate case numbers, independent complaints, different and distinct trials and with no connection other than having sentence imposed on the same day, such does not constitute the "same official proceeding" for purposes of R.C.2953.31(A). Accordingly, appellee's two convictions do not count as one within the definition of R.C. 2953.31(A) and appellee does not qualify as a first offender.
 {¶ 15} If an individual is not a first offender, a trial court is without jurisdiction to grant an expungement application. See State v.Brasch. The trial court therefore had no discretion in this regard and should not have granted an expungement. State v. Coleman (1997),117 Ohio App.3d 726.[3]
 {¶ 16} Having found that appellee is not a first offender and not entitled to have his record sealed, appellant's assignment of error is well-taken and sustained. The trial court's order granting appellee's expungement application is hereby reversed and vacated.
Judgment reversed and vacated.
POWELL, P.J., concurs.
VALEN, J., concurs separately.
[1] According to the trial court docket sheets, sentencing for both cases was scheduled on the same date and at the same time. In addition, both sentencing entries are file-stamped June 8, 2000. Although there is no transcript of the sentencing hearing or any other proceedings below, we assume appellee was sentenced on both cases at a single sentencing hearing.
[2] Each individual count or charge against appellant was the subject of a separate document styled as a "complaint."
[3] Having determined that appellee's convictions do not result from the same official proceeding and that he is therefore not a first offender, we decline to address the issue of whether the criminal acts resulting in the multiple convictions were "related," although those acts clearly occurred within a three-month period.