DECISION.
{¶ 1} The trial court granted an expungement of defendant-appellee William T. Bundy's conviction for solicitation. The state appeals the expungement, claiming that Bundy was not a first offender, and that the trial court therefore lacked jurisdiction to grant the expungement. We agree and vacate the expungement order.
{¶ 2} A first offender may apply to the sentencing court for the expungement of the record of his conviction.[1] A first offender is defined as "anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction."[2]
{¶ 3} We have previously held that in order for the trial court to have jurisdiction to expunge the record of a conviction, the applicant must be a first offender.[3] The trial court has no discretion in this regard.[4] If, at any time subsequent to the granting of the expungement, the court becomes aware that the applicant was not a first offender at the time of the application, then the expungement is void and must be vacated, the court having lacked jurisdiction to grant the expungement in the first place.[5]
{¶ 4} Whether one is a first offender is a question of law that may be reviewed de novo on appeal.[6] The record before us includes the expungement report filed by the Hamilton County Probation Department in Bundy's case, stipulated to by both Bundy and the state. The report stated that Bundy had been convicted in 1994 in Kentucky for criminal abuse, a third-degree misdemeanor. It concluded that Bundy did not meet the eligibility requirements for expungement because he was not a first offender.
{¶ 5} When Bundy applied to expunge his 1996 conviction for solicitation, he was not a first offender under the statutory definition, and, therefore, he was not eligible to have his conviction expunged. Because the trial court did not have jurisdiction to grant an expungement, the expungement was void. Accordingly, we vacate the expungement.
Judgment vacated.
Hildebrandt, P.J., and Gorman, J., concur.
[1] R.C. 2953.32.
[2] R.C. 2953.31(A).
[3] See State v. Coleman (1997), 117 Ohio App.3d 726, 728,691 N.E.2d 369; State v. Schlueter (May 29, 1985), 1st Dist. No. C-840555.
[4] See State v. Coleman (1997), 117 Ohio App.3d 726, 728,691 N.E.2d 369.
[5] See State v. Schlueter (May 29, 1985), 1st Dist. No. C-840555;State v. Thomas (1979), 64 Ohio App.2d 141, 145, 411 N.E.2d 845.
[6] See State v. Patterson (1998), 128 Ohio App.3d 174, 176,714 N.E.2d 409.