DECISION
{¶ 1} The trial court expunged defendant-appellee Larry L. Pitts's conviction for aggravated assault. The state appeals, arguing that the law does not allow an expungement of an aggravated-assault conviction. The state is correct. The law forbids what the trial judge did.
{¶ 2} In January 1998, Pitts pleaded guilty to a charge of aggravated assault in violation of R.C. 2903.12. After serving his sentence and waiting the required time, Pitts filed an application for expungement in June 2002. The state objected because offenses of violence are not subject to expungement. In the hearing on the motion, the trial court noted its belief that the expungement process was "discretionary" and granted the motion over the state's objection.
{¶ 3} But there is no discretion to ignore the law.
{¶ 4} A first-time offender may apply to the sentencing court for the sealing of the conviction record.[1] But this privilege is not available to all first-time offenders. Expungement is not available for convictions of an offense of violence when the offense is a felony or a misdemeanor of the first degree.[2]
{¶ 5} Aggravated assault under R.C. 2903.12 is an offense of violence.[3] Further, a violation of R.C. 2903.12 is a felony.[4]
Because Pitts was not eligible for this relief, the expungement of his conviction was improper.[5]
{¶ 6} The law is plain. There is no ambiguity. Crimes defined as violent offenses may not be expunged. If the trial judge had followed the law, this appeal would not have been necessary.
{¶ 7} And it is not the first time. This same judge has erroneously granted expungements in numerous cases. We have had to reverse expungements in at least thirteen additional cases:
 {¶ 8} State v. Siciliano (Feb. 28, 1990), 1st Dist. No. C-890055
 State v. Beasley (Nov. 30, 1994), 1st Dist. No. C-940233
State v. Verne (Dec. 16, 1994), 1st Dist. No. C-940391
State v. White (Oct. 11, 1996), 1st Dist. No. C-960285
 State v. Coleman (1997), 117 Ohio App.3d 726, 691 N.E.2d 369
 State v. Turner (June 30, 1999), 1st Dist. No. C-980823
State v. Diersing (Oct. 29, 1999), 1st Dist. No. C-990288
State v. Romer (May 24, 2000), 1st Dist. No. C-990751
State v. Ellis (June 20, 2001), 1st Dist. No. C-010006
State v. Eubanks (Mar. 20, 2002), 1st Dist. No. C-010429
State v. Howze, 1st Dist. No. C-010430, 2001-Ohio-4075
State v. Richardson (Mar. 5, 2003), 1st Dist. No. C-020446
State v. Van Skaik (Mar. 5, 2003), 1st Dist. No. C-020447
{¶ 9} Each time, the state has had to file an appeal. Prosecutors have had to file briefs. Court reporters have prepared transcripts. The clerk of courts office has had much work to do. In the appellate court, law clerks, administrators, and three judges have dealt with the cases. All of this is at taxpayer expense.
{¶ 10} And the person seeking the expungement has had false hopes raised, only to have them dashed at the appellate level.
{¶ 11} All this needlessness sucks money from the taxpayers, respect from the law, and patience from this court. And for what? To order one person to comply with the law — the one person who should comply with the law without being told.
{¶ 12} Because Ohio law prohibits the expungement of an offense of violence, we sustain the state's assignment of error. Accordingly, we reverse the judgment of the common pleas court and remand this case with instructions that the court enter judgment denying the application.
Judgment reversed. Again.
Sundermann, P.J., and Doan, J., concur.
[1] R.C. 2953.32(A)(1).
[2] R.C. 2953.36(C).
[3] R.C. 2901.01(A)(9)(a).
[4] R.C. 2903.12(B).
[5] See, also, State v. George, 5th Dist. No. 01-CA-100-2, 2002-Ohio-4205; State v. Marcus, 8th Dist. No. 79768, 2002-Ohio-970 (holding that violations of R.C. 2903.12 are offenses of violence and therefore ineligible for expungement).