OPINION.
{¶ 1} The defendant-appellant, Stanley Broadnax, appeals from the trial court's order of May 18, 2004, entered nunc pro tunc, overruling his application to seal the record of his criminal convictions. His five assignments of error challenge two of the trial court's findings that (1) Broadnax was not a "first offender," as defined in R.C. 2953.31(A), and (2) the government had a legitimate need to maintain the record of his convictions. We agree with the trial court that Broadnax was not a "first offender" as defined in R.C. 2953.31(A).
 {¶ 2} On October 27, 1994, a jury returned verdicts finding Broadnax guilty of six offenses. The jury found that on January 13, 1994, Broadnax had committed the offenses of drug abuse (R.C. 2925.11) and aggravated trafficking (R.C. 2925.03[A][2]) charged in counts one and two of the indictment. The jury found that on January 25, 1994, Broadnax had committed the offenses of drug abuse and aggravated trafficking charged in counts three and four. The jury found that on February 7, 1994, Broadnax had committed the offense of drug abuse as charged in count five. Finally, the jury found that on February 21 and 22, 1994, Broadnax had committed drug abuse as charged in count six. On November 16, 1994, the trial court sentenced Broadnax to an aggregate prison term of ten years. He was granted early release by the Ohio Department of Rehabilitation and Corrections in 1997.
 {¶ 3} Broadnax argues that the trial court abused its discretion by failing to weigh the undisputed evidence of his rehabilitation and the letters that documented his volunteer work with ex-offenders, the poor, and the homeless after his release from prison. Despite this favorable evidence supporting his claim that he had become a model citizen since leaving prison, Broadnax lost the opportunity to have his criminal record sealed when the jury found him guilty of six counts in the two consolidated indictments.
 {¶ 4} As provided in R.C. 2953.32, three years after final discharge for conviction of a felony, a "first offender" can apply to the sentencing court for the sealing of the record of conviction. "First offender" is defined as "anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or threeconvictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, andresult from related criminal acts that were committed within athree-month period but do not result from the same act or from offensescommitted at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction." R.C.2953.31(A) (emphasis added).
 {¶ 5} Broadnax argues that because the six counts resulted from a single sting operation, his convictions were "connected with the same act" and should have been merged and counted as one conviction. He also argues that the subject of each count related to drugs that came from the same supply in his home. Each count, however, alleged a different drug transaction. Furthermore, four of the six offenses for which Broadnax was convicted occurred on four different dates.
 {¶ 6} Broadnax's reliance on our decision in State v. Patterson
(1998), 128 Ohio App.3d 174, 714 N.E.2d 409, is misplaced. InPatterson, we simply presumed regularity of the proceedings in which the trial court had sealed the record of the defendant's convictions of falsification and election falsification based on acts arising out of the same election, where the only evidence in the record was the indictment alleging that the criminal acts had occurred on the same date. Neither isState v. Penn (1977), 52 Ohio App.2d 315, 369 N.E.2d 1229, relied on by Broadnax, applicable, as that case was decided before the amendment to the definition of "first offender" in R.C. 2953.32(A) limiting the remedy to persons with three or less convictions.
 {¶ 7} Although Broadnax's offenses, as provided in R.C. 2953.31(A), were committed within a three-month period, and his six convictions resulted from "the same proceeding," his convictions exceeded in number the statutory limit of three convictions. Therefore, the trial court correctly concluded that, within the definition of R.C. 2953.31(A), Broadnax did not qualify as a "first offender." When an applicant is not a "first offender," the trial court lacks jurisdiction to seal his criminal record pursuant R.C. 2953.32. See State v. Bundy, 1st Dist. No. C-020411, 2003-Ohio-567. The first, second, and third assignments of error are overruled.
 {¶ 8} Broadnax's remaining assignments of error contend that the trial court did not liberally construe the statute to effectuate its purpose of prompt transition of a "first offender" into a meaningful and productive role, but denied his application solely because of the nature of the offenses. Because we hold that Broadnax was not a "first offender," the fourth and fifth assignments of error are not well taken
 {¶ 9} Therefore, the judgment of the trial court is affirmed.
Judgment affirmed.
Doan, P.J., and Hildebrandt, J., concur.