OPINION *Page 2 
{¶ 1} On August 4, 1999, appellee, John Cantrell, pled guilty to one count of robbery in violation of R.C. 2911.02 pursuant to a plea agreement. By sentencing entry filed September 14, 1999, the trial court sentenced appellee to four years of community control.
 {¶ 2} On September 9, 1999, appellee pled no contest in municipal court to a charge of underage consumption in violation of R.C. 4301.632. Appellee was found guilty.
 {¶ 3} On August 24, 2006, appellee filed a motion to expunge the underage consumption conviction. The municipal court granted the motion and expunged the underage consumption conviction.
 {¶ 4} On October 11, 2006, appellee filed a motion to expunge the robbery conviction. A hearing was held on November 27, 2006. By judgment order filed November 30, 2006, the trial court granted the motion and expunged appellee's robbery conviction.
 {¶ 5} Appellant, the state of Ohio, filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 6} "THE TRIAL COURT'S DECISION EXPUNGING THE APPELLEE'S CRIMINAL RECORD WAS CONTRARY TO LAW AS THE APPELLEE WAS NOT ELIGIBLE FOR EXPUNGEMENT UNDER R.C.2953.31(A), R.C. 2953.32(A)(1), AND R.C. 2953.36(C)." *Page 3 
 I {¶ 7} Appellant claims the trial court erred in expunging appellee's robbery conviction because appellee was not a "first offender," and he committed a crime of violence. We agree.
 {¶ 8} As a general rule, a trial court's decision on expungement will not be disturbed on appeal absent a showing of an abuse of discretion.State v. Muller (November 6, 2000), Knox App. No. 99CA18. However, the determination of "first offender" status is a question of law which is subject to independent review by an appellate court, without deference to the decision of the lower court. State v. Krantz, Cuyahoga App. No. 82439, 2003-Ohio-4568, at ¶ 9, citing State v. McGinnis (1993),90 Ohio App.3d 479, 481; State v. Aggarwal (1986), 31 Ohio App.3d 32.
 {¶ 9} " `"Expungement is an act of grace created by the state," and so is a privilege not a right.' State v. Simon (2000), 87 Ohio St.3d 531,533, 721 N.E.2d 1041, quoting State v. Hamilton (1996),75 Ohio St.3d 636, 639, 665 N.E.2d 669. In light of its nature, `[e]xpungement should be granted only when all requirements for eligibility are met.'Simon, at 533, 721 N.E.2d 1041.
 {¶ 10} "R.C. 2953.32 permits a `first offender' to apply to the sentencing court for sealing of a conviction record. If the applicant is not a first offender, the trial court lacks jurisdiction to grant the requested expungement. In the Matter of Barnes, Franklin App. No. 05AP-355, 2005-Ohio-6891, at ¶ 12. `As a result, an order expunging the record of one "who is not a first offender is void for lack of jurisdiction and may be vacated at any time.' "Id. at ¶ 13, quotingState v. McCoy, Franklin App. No. 04AP-121, 2004-Ohio-6726, *Page 4 
at ¶ 11." In the Matter of: Rosemary White, Franklin App. No. 05AP-529,2006-Ohio-1346, ¶ 4-5.
 {¶ 11} In its judgment order of November 30, 2006, the trial court granted the expungement with the following findings:
 {¶ 12} "Upon consideration thereof, the evidence and arguments of counsel, the Court finds that more than 3 years has expired since applicant's final discharge on this offense.
 {¶ 13} "Further, the Court finds that the applicant is a first offender, that there are no criminal proceedings pending against the applicant, that the applicant's rehabilitation has been attained to the satisfaction of the Court, and that the expungement of the record of applicants' conviction is consistent with the public interest."
 {¶ 14} The gravamen of this case is whether appellant is in fact a "first offender" given the underage consumption conviction. The relative dates are as follows:
 {¶ 15} September 14, 1999 — Sentenced on Robbery Conviction
 {¶ 16} October 14, 1999 — Sentenced on Underage Consumption Conviction
 {¶ 17} August 24, 2006 — Expungement of Underage Consumption Conviction
 {¶ 18} November 30, 2006 — Expungement of Robbery Conviction
 {¶ 19} R.C. 2953.32 governs expungement and the sealing of a record of conviction. It provides in pertinent part as follows:
 {¶ 20} "(A)(1) Except as provided in section 2953.61 of the Revised Code, a first offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the conviction record. Application may be made at the expiration of three years after the *Page 5 
offender's final discharge if convicted of a felony, or at the expiration of one year after the offender's final discharge if convicted of a misdemeanor."
 {¶ 21} Exceptions to the expungement statutes are set forth in R.C.2953.36. Subsection (C)(1) states expungement is not available to:
 {¶ 22} "Convictions of an offense of violence when the offense is a misdemeanor of the first degree or a felony and when the offense is not a violation of section 2917.03 of the Revised Code and is not a violation of section 2903.13, 2917.01 or 2917.31 of the Revised Code that is a misdemeanor of the first degree."
 {¶ 23} "An offense of violence" includes robbery in violation of R.C.2911.02. See, R.C. 2901.01(A)(9).
 {¶ 24} The first inquiry is whether appellant was in fact a first offender as defined in R.C. 2953.31(A):
 {¶ 25} "`First offender' means anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section *Page 6 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction."
 {¶ 26} We find a clear reading of the statute's definition of a "first offender" as "convicted of an offense * * * and who previously or subsequently has not been convicted" mandates that appellee not be classified as a first offender.
 {¶ 27} We reach this conclusion for the following reasons. First, to adopt appellee's position would create a string of expunged cases and a crime spree of expunged convictions where the applicant is determined to be a first offender only by virtue of each expungement. Secondly, there is adequate case law to permit the trial court to consider past expungements when determining if the applicant is a first offender:
 {¶ 28} "In the case sub judice, appellant first contends that his expungement in Fairfield County precludes a finding that his Perry County theft conviction was not a `first offense.' Appellant provides no authority in support of this proposition. However, in State v.Easterday (July 19, 1993), Licking App. No. 92-CA-123, we rejected a similar argument, concluding instead that a trial court is permitted to consider a prior expunged conviction in determining whether a defendant should be considered a `first-time offender' and thereby be granted expungement in a second proceeding." State v. Vann (December 24, 2003), Perry App. No. 03CA6, ¶ 15.
 {¶ 29} Upon review, we conclude the trial court lacked jurisdiction to consider appellee's expungement because he was not a first offender.
 {¶ 30} The sole assignment of error is granted. *Page 7 
 {¶ 31} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby reversed.
 By Farmer, J. Hoffman, P.J. and Edwards, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is reversed. *Page 1