[Cite as *State v. Taylor*, 2012-Ohio-1365.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                 :        APPEAL NO. C-110282
                                        TRIAL NO. 00CRB-1968

      Plaintiff-Appellee,        :

         vs.                     :        *O P I N I O N.*

TIMOTHY M. TAYLOR,      :

      Defendant-Appellant.     :

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  March 30, 2012

*John P. Curp*, City Solicitor, *Charles Rubenstein*, City Prosecutor, and *Christopher Liu*, Assistant City Prosecutor, for Plaintiff-Appellee,

*Rubenstein & Thurman, L.P.A.*, and *Scott A. Rubenstein*, for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**SYLVIA SIEVE HENDON, Judge.**

{¶1}  Defendant-appellant Timothy M. Taylor appeals from the judgment of the Hamilton County Municipal Court denying his application for expungement of a criminal conviction.

*The Background*

{¶2}  In January 2000, Taylor was convicted of possession of illegal drug paraphernalia, in violation of R.C. 2925.14.

{¶3}  In January 2011, Taylor applied to the municipal court for the expungement of his criminal record, pursuant to R.C. 2953.32.  The probation department prepared a written report regarding the application.  The report indicated that Taylor was not eligible for expungement because he was not a first offender.  According to the report, Taylor had been convicted in 1983 of leaving the scene of an accident.

{¶4}  Taylor filed a memorandum in support of his expungement application, along with copies of the probation report and the court's 1983 record of the conviction of "Timothy M. Taylor."  He argued that the court's records from the 1983 case were insufficient to conclusively determine that he was the same "Timothy M. Taylor" that had been convicted of the 1983 offense.  As an alternative, Taylor argued that even if he had been convicted in 1983, that plea was invalid because it had likely been made without the assistance of counsel.

{¶5}  At a hearing on the expungement application, the court asked Taylor's counsel, "So you're saying it's not your client [that had been convicted in 1983]?"  And counsel responded, "There's no way to prove it positively."  Then the court asked, "He [Taylor] says it's not him?"  And counsel responded:  "I don't think the state can meet the

2

burden to show it is." Taylor did not testify or present any other evidence at the hearing. The court denied the application.

### *The Appeal*

{¶6} In a single assignment of error, Taylor argues that the trial court erred by denying his application for expungement. He contends that the trial court should have considered him eligible for expungement because the court's records did not establish that he had had a prior conviction.

{¶7} Only a first offender may apply to a sentencing court to seal the record of his conviction. R.C. 2953.32(A)(1). If the applicant does not qualify as a "first offender," the court has no jurisdiction to expunge the conviction record. *See State v. Coleman*, 117 Ohio App.3d 726, 728, 691 N.E.2d 369 (1st Dist.1997).

{¶8} A first offender is defined as "anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction." R.C. 2953.31(A). For purposes of R.C. 2953.31 through 2953.36, convictions for minor misdemeanors and some traffic offenses are not considered previous or subsequent convictions. *Id.*

{¶9} Upon the filing of an expungement application, the sentencing court must "direct its regular probation officer, a state probation officer, or the department of probation of the county in which the applicant resides to make inquiries and written reports as the court requires concerning the applicant." R.C. 2953.32(B). Then the court must determine whether criminal proceedings are pending against the applicant, and whether the applicant is a first offender. R.C. 2953.32(C)(1). Even if the applicant is a first offender and has no pending charges, the court may deny the application if the court determines that he has not

been adequately rehabilitated or that the government's need to maintain the conviction records outweighs his interests in having the records sealed. *Id.* Because expungement is achieved by eliminating the general public's access to conviction information, the state has a significant interest in ensuring that expungement is granted only to those who meet all the eligibility requirements set forth in R.C. 2953.32. *State v. Hamilton*, 75 Ohio St.3d 636, 640, 665 N.E.2d 669 (1996).

### *Was Taylor a First Offender?*

{¶10} Whether an applicant is a first offender is generally a question of law to be determined de novo by a reviewing court. *State v. Patterson*, 128 Ohio App.3d 174, 714 N.E.2d 409 (1st Dist.1998). However, the issue of whether the applicant is a "first offender" is often a question of fact. *Id.*

{¶11} In this case, Taylor did not dispute that a conviction for leaving the scene of an accident in violation of R.C. 4549.02 would constitute a previous or subsequent conviction for expungement purposes. *See* R.C. 2953.31(A). So if Taylor had had a prior conviction for that particular traffic violation, he would not be a "first offender" for expungement purposes, as a matter of law.

{¶12} Accordingly, the court had to resolve the factual question of whether Taylor had a prior conviction for a violation of R.C. 4549.02. At the conclusion of the hearing on Taylor's application, the court determined that he did have a prior conviction for violating R.C. 4549.02 and, therefore, was not a first offender for expungement purposes.

{¶13} The purpose of an expungement hearing is to provide the court "with all relevant information bearing on an applicant's eligibility for expungement. Advocacy is subordinated to information gathering." *Hamilton*, 75 Ohio St.3d at 640, 665 N.E.2d 669. In determining whether to grant an application for expungement, the court reviews matters

of record, as well as information from the applicant, the prosecutor, and independent court investigation by its probation department. *Id.*

{¶14} In this case, the court's investigation through its probation department revealed that Taylor had had a prior conviction for leaving the scene of an accident. At the hearing on his application, Taylor had had an opportunity to present testimony or other evidence to dispute that he was the person convicted in 1983. The court attempted to gather more information to aid in its determination of whether Taylor was a first offender, but Taylor and his counsel declined to give direct responses to the court's questions.

{¶15} The court's conclusion that Taylor had had a prior conviction for leaving the scene of an accident in violation of R.C. 4549.02 was supported by the uncontradicted investigation report from its probation department. That conviction prevented Taylor from claiming "first offender" status under R.C. 2953.32. Because Taylor did not qualify as a "first offender," the court had no jurisdiction to expunge his conviction record. *See Coleman*, 117 Ohio App.3d at 728, 691 N.E.2d 369.

{¶16} Taylor also argues that even if the trial court believed that he had sustained the 1983 conviction, that conviction was void because it had been uncounseled. But because this contention is not supported by the record, we find no merit in the argument.

{¶17} Accordingly, we overrule the assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**HILDEBRANDT, P.J.,** and **FISCHER, J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.