[Cite as *State v. Lovelace*, 2012-Ohio-3797.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-110715 |
|  |  | TRIAL NO. 09CRB-5563 |
| Plaintiff-Appellant, | : |  |
| vs. | : | *O P I N I O N.* |
| WILLIAM LOVELACE, | : |  |
| Defendant-Appellee. | : |  |

Civil Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Final Judgment Entered

Date of Judgment Entry on Appeal:  August 17, 2012

*John P. Curp*, City Solicitor, *Charlie Rubenstein*, City Prosecutor, and *Jennifer Bishop*, Assistant Prosecutor, for Plaintiff-Appellant,

*Chevalier, Ginn, Shirooni & Kruer, P.S.C.*, and *James Kruer*, for Defendant-Appellee.

Please note:  This case has been removed from the accelerated calendar.

**SYLVIA SIEVE HENDON, Judge.**

{¶1}   Plaintiff-appellant the state of Ohio appeals the judgment of the Hamilton County Municipal Court granting defendant-appellee William Lovelace's motion to reinstate the expungement of his criminal conviction.  We reverse the trial court's judgment because the trial court had no authority to grant the expungement.

{¶2}   Lovelace was convicted of theft and disorderly conduct in 2009.  On July 1, 2011, the trial court granted Lovelace's application for the expungement of the theft conviction.  The state did not object to the application and did not appeal the trial court's order.

{¶3}   Shortly thereafter, the trial court received a probation department report that indicated Lovelace had been ineligible for expungement because he had had a prior disorderly conduct conviction.  On July 18, 2011, the court sua sponte journalized an entry stating that the conviction had been "expunged in error" and purporting to reinstate the theft conviction.

{¶4}   Three months later, on October 28, 2011, Lovelace filed a motion for the reinstatement of the expungement of his theft conviction.  According to Lovelace, neither he nor his counsel had been notified of the court's July 18 entry.

{¶5}   In November, the court reinstated Lovelace's expungement.  The state now appeals.

{¶6}   In its first assignment of error, the state argues that the trial court erred by expunging Lovelace's theft conviction because he was not a first offender.  The state contends that the trial court lacked jurisdiction to grant the expungement, and that its judgment was, therefore, void.

{¶7}   The expungement process is set forth in R.C. 2953.32.  Subsection (A)(1) provides:

Except as provided in section 2953.61 of the Revised Code, a first offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the conviction record. Application may be made at the expiration of three years after the offender's final discharge if convicted of a felony, or at the expiration of one year after the offender's final discharge if convicted of a misdemeanor.

{¶8}   A first offender is defined as "anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction." R.C. 2953.31(A).

### *An Order Granting Expungement to an Unqualified Applicant is Void*

{¶9}   We have held that a trial court has no jurisdiction to expunge a conviction where the applicant did not qualify as a first offender under R.C. 2953.32. *See State v. Coleman*, 117 Ohio App.3d 726, 691 N.E.2d 369 (1st Dist.1997). We have further held that if, at any time after the expungement is granted, the trial court becomes aware that the applicant was not a first offender at the time of the application, then the expungement is void and must be vacated, the court having lacked jurisdiction to grant the expungement in the first place. *See State v. Bundy*, 1st Dist No. C-020411, 2003-Ohio-567.

{¶10}  In *Bundy*, we followed the reasoning of the Eighth Appellate District in *State v. Thomas*, 64 Ohio App.2d 141, 411 N.E.2d 845 (8th Dist.1979). In *Thomas*, the trial court had granted the state's motion to vacate an expungement order made two years after the court had entered the expungement order. *Thomas* held that a court's jurisdiction is not

properly invoked under the expungement statute unless the applicant is a first offender. *Id.* at syllabus. Therefore, the court held, the expungement was void for lack of jurisdiction. *Id.*

{¶11} In 2004 and in 2005, the Tenth Appellate District relied on the Eighth District's *Thomas* decision. In three cases, the Tenth District held that an order expunging the record of one who is not a first offender is void for lack of jurisdiction and may be vacated at any time. *See State v. McCoy*, 10th Dist. No. 04AP-121, 2004-Ohio-6726, ¶ 11; *State v. Winship*, 10th Dist. No. 04AP-384, 2004-Ohio-6360, ¶ 9, and *In re Barnes*, 10th Dist. No. 05AP-355, 2005-Ohio-6891, ¶ 13.

### Or is it Voidable?

{¶12} But a few years later, the Tenth Appellate District considered a state's appeal from a trial court's judgment denying its motion to vacate a four-year-old expungement order. The appellate court noted that "the *Thomas* court's jurisdictional interpretation of R.C. 2953.32 was without the benefit of the recently announced Supreme Court cases explaining the difference between subject matter jurisdiction and jurisdiction over a particular case." *State v. Smith*, 10th Dist. No. 06AP-1059, 2007-Ohio-2873, ¶ 14, citing *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992 and *In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, 855 N.E.2d 851. The *Smith* court held that "[a] subsequent finding that an applicant is not a first offender * * * does not divest the court of subject matter jurisdiction so that the expungement order is void ab initio. Instead, it constitutes an error in the court's exercise of jurisdiction over a particular case, which is voidable either by way of direct appeal or pursuant to the provisions of Civ.R. 60(B)." (Citations omitted.) *Smith* at ¶ 15.

{¶13} The Tenth District explained that, although its earlier decisions in *McCoy, Winship*, and *Barnes* had "combined the word 'void' with 'jurisdiction,' the cases do not

stand for the proposition that a court lacks *subject matter* jurisdiction over an expungement applicant. * * * Because the judgments in those cases were properly challenged on direct appeal, the court had the necessary power to 'void' the 'voidable' judgments." *Id.* at ¶ 12.

{¶14} Then, in 2010, the Eighth Appellate District followed *Smith* and held that its own rule in *Thomas* had been "superseded by a more accurate and thorough understanding of the nuances of 'jurisdiction.' " *See Mayfield Hts. v. N.K.*, 8th Dist. No. 93166, 2010-Ohio-909, ¶ 29. In that case, months after it had granted an expungement, the trial court sua sponte vacated the order upon learning that the applicant was not a first offender. The appellate court held that the order granting expungement to an applicant who was later discovered to be ineligible for expungement because he was not a first offender was voidable. *Id.* at ¶ 29. Therefore, the judgment would be subject to attack only by direct appeal or a Civ.R. 60(B) motion. *Id.* Because the judgment was merely voidable, the trial court had no authority to sua sponte vacate it. *Id.* at ¶ 30.

{¶15} In *Mayfield Hts.*, the Eighth District also relied on the reasoning of the Second Appellate District in *State v. Wilfong*, 2d Dist. No. 2000-CA-75, 2001 Ohio App. LEXIS 1195 (Mar. 16, 2001). In *Wilfong*, the state had moved to vacate an expungement order well over a year after its issuance, arguing that the judgment was void for lack of jurisdiction. The court reasoned that "[a] judgment may only be declared void for lack of jurisdiction if the case does not fall within a class of cases over which the trial court has subject matter jurisdiction." On the other hand, the court noted, a court's "exercise of jurisdiction * * * encompasses the trial court's authority to determine a specific case within that class of cases that is within its subject matter jurisdiction." The court held that the trial court had had subject-matter jurisdiction over criminal cases, including motions for expungement, so that its judgment granting the expungement was voidable, not void. *Id.*;

*see also State v. Powers*, 5th Dist. No. 02 CA 39, 2002-Ohio-6672 (a trial court's improper exercise of jurisdiction in granting an expungement resulted in a voidable order).

### *It's Void.*

{¶16} To further demonstrate the pinball nature of the case law in the area of expungements, just last year the Second Appellate District cited the Eighth District's rule in *Thomas*, the 1979 case that that court had later abrogated in *Mayfield Hts.*, in reliance on the Second District's 2001 *Wilfong* decision. *See State v. Stephens*, 195 Ohio App.3d 724, 2011-Ohio-5562, 960 N.E.2d 734 (2d Dist.). In *Stephens*, the Second District held that because an applicant did not qualify as a first offender, he was not eligible for expungement. *Id.* at ¶ 25. The court held that "[t]he trial court lacked jurisdiction to grant Defendant's application for expungement, and its order doing so is void and must be vacated." *Id.*

{¶17} And the Tenth Appellate District held in 2011 that a trial court did not have jurisdiction to grant an expungement where the applicant was not a first offender, so that the resulting judgment was void. *See State v. Knapp*, 10th Dist. No. 11AP-32, 2011-Ohio-3792.

{¶18} Admittedly, *Stephens* and *Knapp* each involved a direct appeal by the state of a trial court's expungement order whereas *Mayfield Hts.*, *Wilfong* and *Smith* had each involved an expungement order that, because it was only voidable, had not been timely appealed. But these cases illustrate that in the context of expungements, courts have been distracted by the terminology ("void," "voidable," and "jurisdiction") and have lost sight of the expungement statute itself. The statute, R.C. 2953.32, grants trial courts only a limited power to expunge criminal records.

### *No Authority to Act*

{¶19} We recognize that *Mayfield Hts.* and *Smith* reached their conclusions that an order granting expungement to an unqualified applicant was merely voidable based on their interpretations of decisions by the Ohio Supreme Court in *Pratts* and *In re J.J.* But we are not persuaded that those cases compel such a result.

{¶20} In *Pratts*, the Supreme Court noted, "Subject-matter jurisdiction is a court's power over a type of case. It is determined as a matter of law and, once conferred, it remains." 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 34. In that case, the common pleas court had had subject-matter jurisdiction over the defendant's aggravated-murder case. But the Supreme Court determined that the trial court had simply erred in the *exercise* of its jurisdiction by failing to convene a three-judge panel under R.C. 2945.06. That failure constituted an error in judgment that was required to be raised on direct appeal. *Id.* at ¶ 35.

{¶21} Similarly, in *In re J.J.*, the Supreme Court held that "[i]n a court that possesses subject-matter jurisdiction, procedural irregularities in the transfer of a case to a visiting judge affect the court's jurisdiction over a particular case and render the judgment voidable, not void." 111 Ohio St.3d 205, 2006-Ohio-5484, 855 N.E.2d 851, paragraph one of the syllabus.

{¶22} However, the case before us does not involve "an error in judgment" or a procedural irregularity; this case involves a prohibited act. The court simply had no authority to grant an expungement to an ineligible offender.

{¶23} In this case, the expungement of the record of Lovelace's misdemeanor theft conviction was granted by the municipal court. Municipal courts are created by statute, and their subject-matter jurisdiction is set by statute. *See* R.C. 1901.01; *Cheap Escape Co. v. Haddox, L.L.C.*, 120 Ohio St.3d 493, 2008-Ohio-6323, 900 N.E.2d 601, ¶ 7. With respect to

7

criminal matters, municipal courts have subject-matter jurisdiction over misdemeanors occurring within their territorial jurisdiction. R.C. 1901.20(A)(1). This includes the power to seal the record of a misdemeanor conviction for a *qualified* applicant. *See* R.C. 2953.32.

{¶24} Expungement is an act of grace created by the state. It is a privilege, not a right. *State v. Simon*, 87 Ohio St.3d 531, 533, 2000-Ohio-474, 721 N.E.2d 1041. R.C. 2953.32 makes clear that only a first offender may apply for expungement. The statute does not grant trial courts the power to expunge criminal convictions for non-first offenders.

{¶25} We decline to adopt the reasoning of those courts that have declared as merely voidable an improperly granted expungement. By holding that improperly granted expungements are voidable, courts have shifted the onus from applicants to the state. For instance, if a trial court improperly grants an expungement to an unqualified applicant, the state would be forced to appeal a judgment that the trial court had no authority to enter in the first place. And if the state failed to file a "timely" appeal or to properly file a Civ.R. 60(B) motion, then the trial court's illegal order would stand.

### Lovelace Was Not a First Offender

{¶26} In this case, the record demonstrates that, in addition to the theft conviction, Lovelace had been convicted for disorderly conduct. Because Lovelace was not a first offender at the time of his application, he was ineligible for expungement, and the trial court had no authority to grant it.

{¶27} Lovelace does not dispute the additional conviction. Instead, he argues that, even though he had committed the theft and disorderly conduct offenses on two different dates, he had "received [the] two convictions on the same date, at the same court appearance." Therefore, he contends, he was a first offender because "he had not previously or subsequently been convicted of the same or a different offense in any jurisdiction" under

8

R.C. 2953.31(A). But this court has long held that two convictions resulting from two offenses that occurred at separate times cannot be regarded as one conviction for purposes of R.C. 2953.31. *See State v. Cresie*, 93 Ohio App.3d 67, 637 N.E.2d 935 (1st Dist.1993); *State v. Guthrie*, 1st Dist. No. C-990285, 1999 Ohio App. LEXIS 5044 (Oct. 29, 1999).

{¶28} Lovelace was not a first offender and the trial court erred by granting his motion for expungement. We sustain the state's first assignment of error.

{¶29} In its second assignment of error, the state argues that the trial court erred when it granted Lovelace's motion to reinstate the expungement. Our disposition of the first assignment of error renders the second assignment of error moot. Consequently, we reverse the trial court's judgment and hereby reinstate Lovelace's theft conviction.

Judgment accordingly.

SUNDERMANN, P.J., concurs.
FISCHER, J., dissents.

FISCHER, J., dissenting.

{¶30} This court has held that sentencing courts lack *jurisdiction* over expungement applications where the applicant is not a "first offender" as defined by R.C. 2953.31(A). *See State v. Taylor*, 1st Dist. No. C-110282, 2012-Ohio-1365, ¶ 7; *State v. Broadnax*, 1st Dist. No. C-040375, 2005-Ohio-3035, ¶ 7; *State v. Prosser*, 1st Dist. No. C-030187, 2003-Ohio-5516, ¶ 7; *State v. Bundy*, 1st Dist. No. C-020411, 2003-Ohio-567, ¶ 3; *State v. Coleman*, 117 Ohio App.3d 726, 728, 691 N.E.2d 369 (1st Dist.1997). Today the majority explicates this precedent by implicitly holding that municipal courts lack *subject-matter jurisdiction* over such applications. For the following reasons, I respectfully dissent.

{¶31} From *Coleman* to *Taylor*, this court has either directly or indirectly followed the seminal case interpreting the first-offender requirement of R.C. 2953.32: *State v. Thomas*, 64 Ohio App.2d 141, 411 N.E.2d 845 (8th Dist.1979). Over 30 years ago, the *Thomas* court held

9

that where "at any time subsequent to the granting of the expungement, there is brought to the court's attention evidence demonstrating that appellant's status was not that of a 'first offender' at the time of application, then the expungement is void and must be vacated, the court having lacked *jurisdiction* to grant the expungement in the first place." (Emphasis added.) *Id.* at 145.

{¶32}   " 'Jurisdiction,' it has been observed, 'is a word of many, too many, meanings.' " *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 90, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998), quoting *United States v. Vanness*, 85 F.3d 661, 663, fn.2 (D.C. Cir.1996).  The Ohio Supreme Court contrasted two such meanings—subject-matter jurisdiction and the exercise of jurisdiction over a particular case—in *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992.  "Subject-matter jurisdiction," the court observed, refers to "a court's power over a *type of case*." (Emphasis added.).  *Id.* at ¶ 34.  The exercise of jurisdiction over a particular case, on the other hand, "encompasses the trial court's authority to determine a specific case within that class of cases that is within its subject matter jurisdiction."  *Id.* at ¶ 12, quoting *State v. Parker*, 95 Ohio St.3d 524, 2002-Ohio-2833, 769 N.E.2d 846, ¶ 10 (Cook, J., dissenting).

{¶33}   This subtle distinction has profound practical implications: generally "[i]t is only when the trial court lacks subject-matter jurisdiction that its judgment is void; lack of jurisdiction over the particular case merely renders the judgment voidable."  *Id.*; *see also State v. Payne* 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 27.  A voidable judgment can be challenged "only through a direct appeal or through a motion for relief from judgment pursuant to Civ.R. 60(B)."  *In re Bowers*, 10th Dist. No. 07AP-49, 2007-Ohio-5969, ¶ 9.  A void judgment is, however, a nullity.  *Romito v. Maxwell*, 10 Ohio St.2d 266, 267, 227 N.E.2d 223 (1967).  "It may be attacked at any time, and the party attacking the judgment need not meet

the requirements of Civ.R. 60(B)." *Plant Equip., Inc. v. Nationwide Control Serv., Inc.*, 155 Ohio App.3d 46, 2003-Ohio-5395, 798 N.E.2d 12012 (1st Dist.).

{¶34} In *Pratts*, the defendant waived his right to a jury trial and pleaded guilty to aggravated murder with death-penalty and firearm specifications before a single judge rather than a three-judge panel as mandated by R.C. 2945.06. *Pratts*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, at ¶ 2. He later petitioned for a writ of habeas corpus, arguing that his conviction was void because the trial court had lacked jurisdiction due to this error. *Id.* at ¶ 3. The Ohio Supreme Court disagreed, holding that "the failure to convene such a panel does not divest a court of subject-matter jurisdiction so that a judgment rendered by a single judge is void ab initio. Instead, it constitutes an error in the exercise of jurisdiction over a particular case, for which there is an adequate remedy at law by way of direct appeal." *Id.* at ¶ 24. Explaining its precedent, the court clarified that when it had previously held that a trial court "lacks jurisdiction" to try a criminal defendant without a jury without strictly complying with the jury-waiver requirements of R.C. 2945.05, it was referring to an error in the exercise of jurisdiction, not a lack subject-matter jurisdiction. *Id.* at ¶ 26, citing *State v. Pless*, 74 Ohio St.3d 333, 658 N.E.2d 766 (1996), paragraphs one and two of the syllabus. *See also In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, 855 N.E.2d 851, paragraph one of the syllabus ("In a court that possesses subject-matter jurisdiction, procedural irregularities in the transfer of a case to a visiting judge affect the court's jurisdiction over the particular case and render the judgment voidable, not void.").

{¶35} Following *Pratts*, the Eighth and Tenth Appellate Districts have reconsidered their reliance on *Thomas*, and have held that an expungement order concerning an applicant who is later discovered to be a non-first offender is error in the exercise of jurisdiction, thus voidable, not void. *Mayfield Heights v. N.K.*, 8th Dist. No. 93166, 2010-Ohio-909 (recognizing *Thomas* as "superseded by a more accurate and thorough understanding of the nuances of

11

'jurisdiction' "); *State v. Smith*, 10th Dist. No. 06AP-1059, 2007-Ohio-2873 (explaining that "the *Thomas* court's jurisdictional interpretation of R.C. 2953.32 was without the benefit of the recently announced Supreme Court cases explaining the difference between subject matter jurisdiction and jurisdiction over a particular case"), citing *J.J.* and *Pratts*. At least three appellate districts, however, have muddled the issue by reaching discordant results without discussing their prior precedents. *See, e.g., State v. Wilfong*, 2d Dist. No. 2000-CA-75, 2001 Ohio App. LEXIS 1195 (Mar. 16, 2001) (voidable); *State v. Stephens*, 195 Ohio App.3d 724, 2011-Ohio-5562, 960 N.E.2d 734 (2d Dist.) (void); *State v. Powers*, 5th Dist. No. 02-CA-39, 2002-Ohio-6672 (voidable); *State v. Cantrell*, 5th Dist. No. 06CA105, 2007-Ohio-3671 (void); *In re Bowers*, 10th Dist. No. 07AP-49, 2007-Ohio-5969 (voidable); *State v. Knapp*, 10th Dist. No. 11AP-32, 2011-Ohio-3792 (void).

{¶36} We, too, have not been entirely consistent. *See State v. Taylor*, 1st Dist. No. C-110282, 2012-Ohio-1365 (affirming the trial court's *denial* of an expungement application because the applicant was not a first offender, rather than recognizing that the application should have been dismissed for lack of subject-matter jurisdiction); *State v. Broadnax*, 1st Dist. No. C-040375, 2005-Ohio-3035 (same).

{¶37} Like the majority, I turn to the statute itself. R.C. 2953.32(A)(1) generally provides that "a first offender may apply to the sentencing court if convicted in this state * * * for the sealing of the conviction record." After affording the prosecutor the opportunity to respond,

> If the court determines * * * that the applicant is a first offender
> * * *, that no criminal proceedings are pending against the
> applicant, and that the interests of the applicant in having the
> records * * * sealed are not outweighed by any legitimate
> governmental needs to maintain those records, and that the

> rehabilitation of an applicant who is a first offender * * * has been attained to the satisfaction of the court, * * * the court [subject to certain exceptions] shall order all official records pertaining to the case sealed and [subject to certain exceptions] all index references to the case deleted * * * .

R.C. 2953.32(C)(2).

{¶38} A "first offender" is defined as "anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction." R.C. 2953.31(A). The statute further provides that where

> two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide * * * that it is not in the public interest for the two or three convictions to be counted as one conviction.

{¶39} The majority suggests that these statutes empower municipal courts to adjudicate only those expungement applications filed by first offenders. In light of *Pratts*, however, I do not share this narrow reading.

{¶40} The first-offender analysis is too discretionary and too inextricably linked to the merits of each specific expungement application to conclude that the legislature intended to deprive municipal courts of the power *even to deny* the applications of non-first offenders. Indeed there may be cases where the court must decide whether multiple offenses resulted

13

from "related criminal acts that were committed within a three-month period," and whether it is in "the public interest" for "two or three convictions to be counted as one conviction." R.C. 2953.31(A). The General Assembly clearly intended for courts to adjudicate these issues—along with whether there has been "rehabilitation" and whether there are any countervailing "legitimate governmental needs to maintain those records," R.C. 2953.32(C)(2)—when determining the merits of an expungement application, not as a threshold inquiry into the court's own power.

{¶41}  I, therefore, cannot say that a municipal court lacks subject-matter jurisdiction over expungement applications by non-first offenders. Otherwise, because the statute commits so many issues to the court's discretion, each individual judge could expand or contract the scope of his or her court's subject-matter jurisdiction on an unpredictable case-by-case basis. Instead, I would hold that where a sentencing court grants the expungement application of a non-first offender, the court exceeds only its "authority to determine a specific case within that class of cases that is within its subject matter jurisdiction." *Pratts* at ¶ 12, quoting *State v. Parker*, 95 Ohio St.3d 524, 2002-Ohio-2833, 769 N.E.2d 846, ¶ 10 (Cook, J., dissenting). Absent another reason, I consider such judgments voidable, not void. *See Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 25.

{¶42}  I understand that expungement applicants are in the best position to know their criminal record, and I fully appreciate the concern that, on occasion, a less-than-forthcoming applicant may benefit from an expungement order that he or she was ineligible to receive as a non-first offender. In such a case, however, the order may be void due to fraud. *See id.* ("When a judgment was issued without jurisdiction or was procured by fraud, it is void and is subject to collateral attack."), citing *Coe v. Erb*, 59 Ohio St. 259, 271, 52 N.E. 640 (1898). But here, nothing in the record suggests that Lovelace acted fraudulently. I therefore follow

14

the "firm and longstanding principle that final judgments are meant to be just that—final." *Id.* at ¶ 22. Because the state neither directly appealed from the initial expungement order nor moved for relief from judgment under Civ.R. 60(B), I must respectfully dissent.

Please note:

    The court has recorded its own entry on the date of the release of this opinion.