[Cite as *State v. McBride*, 2013-Ohio-3491.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | | |
|---|---|---|---|
| STATE OF OHIO | : | | JUDGES: |
| | : | | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | | Hon. John W. Wise, J. |
| | : | | Hon. Patricia A. Delaney, J. |
| -vs- | : | | |
| | : | | |
| MICHAEL C. MCBRIDE | : | | Case No. 13-COA-004 |
| | : | | |
| Defendant-Appellant | : | | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Municipal Court,
                                Case No. 06-CR-B-00626AB



JUDGMENT:                       Affirmed



DATE OF JUDGMENT:               August 7, 2013



APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

THOMAS R. GILMAN                      MICHAEL C. MCBRIDE, Pro Se
133 South Market Street               427 East Main Street
Loudonville, OH  44842                Loudonville, OH  44842

*Farmer, P.J.*

{¶1}   On May 22, 2006, appellant, Michael McBride, was charged with obstructing official business in violation of R.C. 2921.31 and resisting arrest in violation of R.C. 2921.33.   Appellant was found guilty of the charges on September 20, 2006, and was subsequently sentenced to 180 days in jail with 120 days suspended.

{¶2}   On July 16, 2012, appellant filed a motion to seal record of conviction.  A hearing was held on January 11, 2013.  At the conclusion of the hearing, the trial court denied the motion.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}   "THE LOWER COURT ERRORED (SIC) AS A MATTER OF LAW BY NOT GRANTING A SEALING OF RECORD UNDER R.C. 2953.32."

II

{¶5}   "THE LOWER COURT ERRORED (SIC) AS A RESULT OF ABUSING ITS DISCRETION BY NOT GRANTING A SEALING OF RECORD."

III

{¶6}   "THE LOWER COURT ERRORED (SIC) AS A MATTER OF LAW BY NOT GRANTING A SEALING OF RECORD UNDER THE OHIO CONSTITUTION 1.09, AND THE EIGHTH AMENDMENT OF THE U. S. CONSTITUTION."

{¶7}   At the outset, we note appellant filed his notice of appeal on January 24, 2013 upon the trial court's oral denial at the conclusion of the hearing held on January 11, 2013.  Also on January 24, 2013, appellant filed a motion to seal record pending

outcome of state and federal appeals. On January 29, 2013, the trial court filed a judgment entry stating its reasons for denying appellant's motion to seal record of conviction, and denying appellant's motion to seal record pending his appeals. Because appellant filed his notice of appeal prior to the trial court entering its reasons for denying the motion to seal record of conviction, we shall treat appellant's notice of appeal as a premature notice of appeal pursuant to App.R. 4(C) which states: "A notice of appeal filed after the announcement of a decision, order, or sentence but before entry of the judgment or order that begins the running of the appeal time period is treated as filed immediately after the entry."

## I, II, III

{¶8} Appellant claims the trial court erred in not sealing his record. We disagree.

{¶9} R.C. 2953.32 governs sealing of record of eligible offender. Subsection (A)(1) states the following:

> Except as provided in section 2953.61 of the Revised Code, an eligible offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the conviction record. Application may be made at the expiration of three years after the offender's final discharge if convicted of a felony, or at the expiration of one year after the offender's final discharge if convicted of a misdemeanor.

{¶10} An "eligible offender" is defined in R.C. 2953.31(A) as follows:

"Eligible offender" means anyone who has been convicted of an offense in this state or any other jurisdiction and who has not more than one felony conviction, not more than two misdemeanor convictions if the convictions are not of the same offense, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction.

{¶11} As our brethren from the Tenth District explained in *Koehler v. State,* 10th Dist. Franklin No. 07AP-913, 2008-Ohio-3472, ¶ 13:

Before ruling on the application, the trial court must (1) determine whether the applicant is a first offender, (2) determine whether criminal

proceedings are pending against the applicant, (3) determine whether the applicant has been rehabilitated to the satisfaction of the court if the court finds the applicant to be a first offender, (4) determine if the prosecutor filed an objection in accordance with R.C. 2953.32(B) and consider the prosecutor's reasons for the objection, and (5) weigh the applicant's interests in having the records sealed against the legitimate needs, if any, of the government to maintain the records.

{¶12} In its judgment entry filed January 29, 2013, the trial court stated the following:

Defendant previously filed a Motion seeking sealing of his convictions pursuant to Section 2953.32 of the Ohio Revised Code. The Court conducted a hearing on January 11, 2013. Defendant was present and presented evidence in support of his Motion. The State opposed the Motion. The Court found that the defendant was not an eligible offender due to his multiple convictions in Ashland and Franklin Counties. The Court also found that the State's interest in maintaining the records outweighed Defendant's interest in having them sealed. This finding was based in large part on the violent nature of the offenses.

{¶13} The record demonstrates that appellant was convicted in Ashland County of resisting arrest and obstructing official business in September of 2006. The state

conceded that the two convictions qualified as one conviction. T. at 9. Appellant was also convicted in Franklin County on one count of criminal mischief (false alarm charge) and two counts of violating a protection order in December of 2006. T. at 10-11. The criminal mischief offense occurred on November 23, 2005, and the protection order violations occurred between February 25, and March 2, 2006. *Id.* The trial court concluded the Ashland County convictions constituted one conviction, and the Franklin County convictions constituted two convictions, stating the following (T. at 15-16):

> So, you know, I do agree that the incidents in Ashland County arose out of one course of conduct and should be considered one offense out of the statute.
>
> ***
>
> But I find that based on the facts that you are not a two-time offender, that your false alarm charge that resulted in the criminal mischief is a separate course of conduct from that which resulted in the violation of protection order convictions. Even though the pleas were entered on the same date, the offenses occurred on different dates.
>
> Therefore I'm finding that those should not be combined and treated as one offense.

{¶14} Appellant argues the Franklin County convictions "should be considered one case because it was a simultaneous agreement on that date indicated." T. at 8. The fact that appellant pled to the three Franklin County charges on the same date is

irrelevant under R.C. 2953.31. The determining factors are when the crimes were committed and whether there was a connection between the crimes.

{¶15} Because the Franklin County convictions did not occur at the same time, did not involve an ongoing course of conduct, and were separated by more than three months, they constitute two separate convictions. The two separate convictions, coupled with the Ashland County conviction, equals three convictions, making appellant an ineligible offender under R.C. 2953.31(A). Since appellant did not qualify as an eligible offender under the statute, the trial court could not use its discretion to seal the record. *State v. Lovelace,* 1st Dist. Hamilton No. C-110715, 2012-Ohio-3797. Any decision involving discretion was superfluous.

{¶16} The trial court's denial of appellant's motion to seal record of conviction is consistent with R.C. 2953 31, et seq., and does not violate the Ohio Constitution, Article I, Section 9, and the Eighth Amendment to the U.S. Constitution.

{¶17} Upon review, we find the trial court did not err in denying appellant's motion to seal record of conviction.

{¶18} Assignments of Error I, II, and II are denied.

{¶19}  The judgment of the Municipal Court of Ashland County, Ohio is hereby affirmed.

By Farmer, P.J.

Wise, J. and

Delaney, J. concur.


_____
Hon. Sheila G. Farmer


_____
Hon. John W. Wise


_____
Hon. Patricia A. Delaney


SGF/sg 719

[Cite as *State v. McBride*, 2013-Ohio-3491.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MICHAEL C. MCBRIDE | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 13-COA-004 |


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Ashland County, Ohio is affirmed. Costs to appellant.


_____
Hon. Sheila G. Farmer


_____
Hon. John W. Wise


_____
Hon. Patricia A. Delaney