[Cite as *In re Application for Sealing of Records of McBride*, 2013-Ohio-5718.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In the Matter of the | : | |
| Application for the Sealing | | No. 13AP-658 |
| of the Records of: | : | (M.C. No. 2013 CRX-051087) |
| | | **and** |
| Michael C. McBride, | : | No. 13AP-680 |
| | | (M.C. No. 2013 CRX-051086) |
| Appellant, | : | |
| | | (REGULAR CALENDAR) |
| [City of Whitehall, | : | |
| | | |
| Appellee]. | : | |

D E C I S I O N

Rendered on December 24, 2013

*Michael C. McBride*, pro se.

*Michael T. Shannon*, Whitehall City Attorney, and *Craigg E. Gould*, for appellee.

APPEALS from the Franklin County Municipal Court

O'GRADY, J.

{¶ 1} Appellant, Michael C. McBride, appeals from the judgments of the Franklin County Municipal Court denying his applications to seal his criminal records in two cases. For the following reasons, we affirm the judgments of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} In Franklin County Municipal Court case No. 2005 CRB 31523, appellant was charged with one count of making a false police report on November 23, 2005. On December 19, 2006, appellant pleaded no contest to an amended charge of criminal mischief, a third-degree misdemeanor, in violation of R.C. 2909.07. The court found him guilty of the offense.

{¶ 3}   In Franklin County Municipal Court case No. 2006 CRB 15313, appellant was charged with six counts of violating a civil protection order ("VPO").   On December 19, 2006, appellant pleaded no contest to two of the counts, and the court found him guilty of the offenses, both violations of R.C. 2919.27 and first-degree misdemeanors.  The court dismissed the remaining four counts.

{¶ 4}   In April 2013, in Franklin County Municipal Court case No. 2013 CRX 051086, appellant applied to have his official records sealed in the VPO case.  In Franklin County Municipal Court case No. 2013 CRX 051087, appellant applied to have his official records sealed in the criminal mischief case.   The court scheduled an expungement hearing on both applications for July 8, 2013.   On that date, in case No. 2013 CRX 051086, the court denied the application because the interests of appellant were outweighed by any legitimate governmental need to maintain the records at issue.  In case No. 2013 CRX 051087, the court denied the application because appellant was not an "eligible offender."

## II.  ASSIGNMENT OF ERROR

{¶ 5}   In these consolidated appeals, appellant presents this court with one assignment of error for our review:

> THE LOWER COURT ERRORED [sic] AS A MATTER OF
> LAW BY NOT GRANTING A FULL HEARING UNDER R.C[.]
> 2953.32[.]

## III.  DISCUSSION

{¶ 6}   Under his sole assignment of error, appellant contends the trial court erred as a matter of law by not conducting a full hearing on his applications under R.C. 2953.32.

{¶ 7}   Initially, we note appellant filed his applications under R.C. 2953.32 and 2953.52.   R.C. 2953.32 governs the sealing of conviction records, while R.C. 2953.52 governs the sealing of official records in other circumstances, such as when a person has had a criminal complaint dismissed.  Because appellant limits his appeal to R.C. 2953.32, we will do the same.

{¶ 8}   R.C. 2953.32 provides:

(A)
(1) Except as provided in section 2953.61 of the Revised Code, an eligible offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the conviction record. Application may be made at the expiration of three years after the offender's final discharge if convicted of a felony, or at the expiration of one year after the offender's final discharge if convicted of a misdemeanor.

* * *

(B) Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons for believing a denial of the application is justified. The court shall direct its regular probation officer, a state probation officer, or the department of probation of the county in which the applicant resides to make inquiries and written reports as the court requires concerning the applicant.

{¶ 9}   The sealing of a criminal record is also known as expungement.  *State v. Boykin*, ____ Ohio St.3d ____, 2013-Ohio-4582, ¶ 11, citing *State v. Pariag*, ____ Ohio St.3d ____, 2013-Ohio-4010, ¶ 11.   "Sealing of a record of conviction pursuant to R.C. 2953.32 is a postconviction remedy that is civil in nature."  *State v. LaSalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, ¶ 19, citing *State v. Bissantz*, 30 Ohio St.3d 120, 121 (1987). " '[E]xpungement is an act of grace created by the state,' and so is a privilege, not a right." *State v. Simon*, 87 Ohio St.3d 531, 533 (2000), quoting *State v. Hamilton*, 75 Ohio St.3d 636, 639 (1996).  Expungement should be granted only when the applicant meets all requirements for eligibility.  *Boykin* at ¶ 11.

{¶ 10}  We have previously stated "R.C. 2953.32 'requires a court to hold a hearing, gather information, and consider certain interests before ruling on the [expungement] application.' "  *In re Fuller*, 10th Dist. No. 11AP-579, 2011-Ohio-6673, ¶ 7, quoting *In re Esson*, 10th Dist. No. 11AP-208, 2011-Ohio-5770, ¶ 15.  We have also stated "[f]ailure to

hold a hearing will result in reversal on appeal." *State v. Bootes*, 10th Dist. No. 10AP-691, 2011-Ohio-1605, ¶ 10, citing *In re Bonner*, 10th Dist. No. 05AP-1317, 2006-Ohio-3958. According to the Supreme Court of Ohio, "[i]t is apparent from a study of R.C. 2953.32 that the essential purpose of an expungement hearing is to provide a reviewing court with all relevant information bearing on an applicant's eligibility for expungement." *Hamilton* at 640. Although the General Assembly has amended R.C. 2953.32 since the *Hamilton* court issued its decision, the essential purpose of the expungement hearing remains the same.

{¶ 11} Nonetheless, this court has recognized that, under some circumstances, an expungement hearing is not required. In *State v. Haney*, 10th Dist. No. 99AP-159 (Nov. 23, 1999), the defendant filed an expungement application which the trial court denied, and this court affirmed the denial. The defendant then filed a second application which the trial court denied without a hearing based on the doctrine of res judicata. On appeal, this court agreed res judicata prohibited the second application because the defendant made the same arguments in both applications and failed to allege any change in circumstances since his first application. We rejected the defendant's contention the trial court's failure to conduct a hearing before denying the second application violated his due process rights. We explained:

> Under these circumstances, appellant could not have presented any evidence that would have changed the outcome because the trial court had no discretion to grant the second application. The trial court was required, as a matter of law, to find the second application barred by *res judicata*. Accordingly, this court concludes that the trial court was not required to hold an evidentiary hearing under these circumstances. See *City of Aurora v. Bulanda* (June 14, 1996), Portage App. No. 95-P-0130, unreported (finding that the trial court was not required to hold a hearing pursuant to R.C. 2953.32 because the defendant did not commit an offense that could be expunged under R.C. 2953.36, and, thus, the defendant could not have presented any evidence that could have changed the outcome).

{¶ 12} Appellant contends the trial court erred by not having a full hearing on his expungement applications. Appellant asserts the court simply stated "this is off the record" and notified him it would be denying his applications. (Appellant's brief, at 7.)

Appellee suggests the events appellant describes do constitute a hearing and the fact that the court conducted it off the record "is not indicative of a lack of or denial of a hearing." (Appellee's brief, at 7.)   Appellee contends, because appellant did not provide this court with a transcript of the hearing, we must presume the regularity of the trial court's proceedings on his applications.

{¶ 13} Alternatively, appellee argues a hearing was unnecessary because appellant is not an "eligible offender" for expungement under R.C. 2953.32.   R.C. 2953.31(A) defines "eligible offender":

> "Eligible offender" means anyone who has been convicted of an offense in this state or any other jurisdiction and who has not more than one felony conviction, not more than two misdemeanor convictions if the convictions are not of the same offense, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction

{¶ 14} "If an applicant is not an eligible offender, the trial court lacks jurisdiction to grant the application." *State v. Dominy*, 10th Dist. No. 13AP-124, 2013-Ohio-3744, ¶ 6, citing *In re Barnes*, 10th Dist. No. 05AP-355, 2005-Ohio-6891, ¶ 12.   Thus, "an order sealing the record of one who is not an eligible offender is void for lack of jurisdiction and may be vacated at any time." *Id.*, citing *Barnes* at ¶ 13; *State v. McCoy*, 10th Dist. No. 04AP-121, 2004-Ohio-6726, ¶ 11.   "Whether an applicant is an eligible offender is an issue of law that we review de novo."   *Id.*, citing *State v. Hoyles*, 10th Dist. No. 08AP-946, 2009-Ohio-4483, ¶ 4.

{¶ 15} Appellee contends appellant has five convictions arising out of three separate and different acts. First, he has the criminal mischief conviction. Second, he has the two VPO convictions, which appellee suggests count as one conviction for purposes of R.C. 2953.31(A). Third, he has misdemeanor convictions in the Ashland County Municipal Court from 2006 for obstructing official business and resisting arrest. *See State v. McBride*, 5th Dist. No. 13-COA-004, 2013-Ohio-3491. Appellee also suggests these offenses count as one conviction for purposes of R.C. 2953.31(A). Under appellee's analysis, appellant has three misdemeanor convictions and is not an eligible offender under R.C. 2953.31(A). In his reply brief, appellant argues he is entitled to a hearing to prove the "relation" or "sameness" of his convictions. (Appellant's reply brief, at 8.)

{¶ 16} Appellant filed an application to seal the records of his Ashland County convictions in the Ashland County Municipal Court, the court denied the application after a hearing, and the Fifth District Court of Appeals affirmed. Although neither party raises the issue, the existence of this action raises an issue of res judicata.

{¶ 17} "Whether the doctrine of res judicata applies in a case is a question of law." *Arth Brass & Aluminum Castings, Inc. v. Ryan*, 10th Dist. No. 07AP-811, 2008-Ohio-1109, ¶ 7. "The doctrine of res judicata has two aspects: claim preclusion and issue preclusion." *Id.* at ¶ 8, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381 (1995). "Claim preclusion holds that a valid, final judgment on the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Id.*, citing *Grava* at syllabus. "Issue preclusion, also known as collateral estoppel, provides that 'a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different.' " *Id.*, quoting *Fort Frye Teachers Assn. v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395 (1998).

{¶ 18} Collateral estoppel applies when (1) the fact or issue was actually and directly litigated in the prior action, (2) the fact or issue was passed upon and determined by a court of competent jurisdiction, and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior action. *See id.* at ¶ 9, quoting

*Thompson v. Wing*, 70 Ohio St.3d 176, 183 (1994). " 'The essential test in determining whether the doctrine of collateral estoppel is to be applied is whether the party against whom the prior judgment is being asserted had full representation and a "full and fair opportunity to litigate that issue in the first action." ' " *Id.*, quoting *Cashelmara Villas Ltd. Partnership v. DiBenedetto*, 87 Ohio App.3d 809, 813 (8th Dist.1993), quoting *Hicks v. De La Cruz*, 52 Ohio St.2d 71, 74 (1977).

{¶ 19} In *McBride*, the Fifth District stated:

> On January 29, 2013, the trial court filed a judgment entry stating its reasons for denying appellant's motion to seal record of conviction, and denying appellant's motion to seal record pending his appeals.
>
> Appellant claims the trial court erred in not sealing his record. We disagree.
>
> R.C. 2953.32 governs sealing of record of eligible offender.
>
> * * *
>
> An "eligible offender" is defined in R.C. 2953.31(A) * * *[.]
>
> * * *
>
> In its judgment entry filed January 29, 2013, the trial court stated the following:
>
> Defendant previously filed a Motion seeking sealing of his convictions pursuant to Section 2953.32 of the Ohio Revised Code. The Court conducted a hearing on January 11, 2013. Defendant was present and presented evidence in support of his Motion. The State opposed the Motion. The Court found that the defendant was not an eligible offender due to his multiple convictions in Ashland and Franklin Counties. The Court also found that the State's interest in maintaining the records outweighed Defendant's interest in having them sealed. This finding was based in large part on the violent nature of the offenses.
>
> The record demonstrates that appellant was convicted in Ashland County conceded that the two convictions qualified as one conviction. T. at 9. Appellant was also convicted in Franklin County on one count of criminal mischief (false

alarm charge) and two counts of violating a protection order in December of 2006. T. at 10–11. The criminal mischief offense occurred on November 23, 2005, and the protection order violations occurred between February 25, and March 2, 2006. Id. The trial court concluded the Ashland County convictions constituted one conviction, and the Franklin County convictions constituted two convictions, stating the following (T. at 15–16):

So, you know, I do agree that the incidents in Ashland County arose out of one course of conduct and should be considered one offense out of the statute.

* * *

But I find that based on the facts that you are not a two-time offender, that your false alarm charge that resulted in the criminal mischief is a separate course of conduct from that which resulted in the violation of protection order convictions. Even though the pleas were entered on the same date, the offenses occurred on different dates.

Therefore I'm finding that those should not be combined and treated as one offense.

Appellant argues the Franklin County convictions "should be considered one case because it was a simultaneous agreement on that date indicated." T. at 8. The fact that appellant pled to the three Franklin County charges on the same date is irrelevant under R.C. 2953.31. The determining factors are when the crimes were committed and whether there was a connection between the crimes.

Because the Franklin County convictions did not occur at the same time, did not involve an ongoing course of conduct, and were separated by more than three months, they constitute two separate convictions. The two separate convictions, coupled with the Ashland County conviction, equals three convictions, making appellant an ineligible offender under R.C. 2953 .31(A). Since appellant did not qualify as an eligible offender under the statute, the trial court could not use its discretion to seal the record. *State v. Lovelace*, 1st Dist. Hamilton No. C-110715, 2012-Ohio-3797. Any decision involving discretion was superfluous.

> The trial court's denial of appellant's motion to seal record of conviction is consistent with R.C. 2953 31, et seq., and does not violate the Ohio Constitution, Article I, Section 9, and the Eighth Amendment to the U.S. Constitution.
>
> Upon review, we find the trial court did not err in denying appellant's motion to seal record of conviction

*Id.* at ¶ 7- 17.

{¶ 20} Here, the parties actually and directly litigated in the Ashland County Municipal Court the issue of whether appellant qualified as an eligible offender under R.C. 2953.31 based on the same convictions at issue in this case. The Ashland court, a court of competent jurisdiction, found appellant was not an eligible offender and not entitled to expungement under R.C. 2953.32. From the Fifth District's recitation of the Ashland court's proceedings, it is evident appellant had a full and fair opportunity to litigate the eligibility issue. The Ashland court conducted a hearing on appellant's expungement application and addressed the issue of eligibility. Appellant was present and presented evidence in support of his application. The Ashland court addressed appellant's arguments about whether his Franklin County convictions—the convictions at issue in this appeal—should be treated as one conviction. Appellant's arguments failed at the trial and appellate level, and he did not file a timely appeal of the Fifth District's decision in the Supreme Court of Ohio. Moreover, the circumstances surrounding appellant's eligibility have not changed since his application in the Ashland court was denied.

{¶ 21} Under these circumstances, we find collateral estoppel precludes appellant from relitigating his status as an eligible offender under R.C. 2953.31. Because appellant is not an eligible offender, the trial court in this case lacked jurisdiction to grant his applications under R.C. 2953.32. Therefore, the trial court properly denied appellant's applications, even if it did so for reasons other than collateral estoppel. *See Reid v. Plainsboro Partners, III*, 10th Dist. 09AP-442, 2010-Ohio-4373, ¶ 20, citing *Columbus Steel Castings Co. v. King Tool Co.*, 10th Dist. No. 08AP-385, 2008-Ohio-6309, ¶ 7 (stating "an appellate court need not reverse an otherwise correct judgment merely

because the trial court utilized different or erroneous reasons as the basis for its determination").  A hearing is not necessary to reach this conclusion.  *See Haney.*

## IV.  CONCLUSION

{¶ 22} Accordingly, we overrule the sole assignment of error and affirm the judgments of the Franklin County Municipal Court.

*Judgments affirmed.*

DORRIAN and McCORMAC, JJ., concur.

McCORMAC, J., retired, formerly of the Tenth Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).