[Cite as *State v. McBride*, 2022-Ohio-2240.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| MICHAEL MCBRIDE, | : | Case No. 21-COA-024 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:           Appeal from the Ashland Municipal
                                   Court, Case No. 06CRB626


JUDGMENT:                          Affirmed


DATE OF JUDGMENT:                  June 29, 2022


APPEARANCES:

For Plaintiff-Appellee                     For Defendant-Appellant

THOMAS R. GILMAN                           APRIL F. CAMPBELL
Kirk & Gilman, LLC                         Campbell Law, LLC
245 Sandusky St.                           46 1/2 Sandusky Street
Ashland, Ohio 44805                        Delaware, Ohio 43015

*Baldwin, J.*

**{¶1}** Defendant-appellant Michael McBride appeals from the October 15, 2021 Judgment Entry of the Ashland Municipal Court denying his Application to Seal Records. Plaintiff-appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND CASE

**{¶2}** On May 22, 2006, appellant, Michael McBride, was charged with obstructing official business in violation of R.C. 2921.31 and resisting arrest in violation of R.C. 2921.33. Appellant was found guilty of the charges on September 20, 2006, and was subsequently sentenced to 180 days in jail with 120 days suspended.

**{¶3}** On July 16, 2012, appellant filed a Motion to Seal Record of Conviction. A hearing was held on January 11, 2013. At the conclusion of the hearing, the trial court denied the motion. Appellant then appealed. Pursuant to an Opinion filed on August 7, 2013 in *State v. McBride*, 5th Dist. Ashland No. 13-COA-004, 2013-Ohio-3491, this Court affirmed the judgment of the trial court.

**{¶4}** Thereafter, on August 27, 2021, appellant filed a Motion to Seal Record of Conviction Pursuant to R.C. 2953.32. A hearing on such motion was held on October 12, 2021. At the hearing, appellee indicated that it was taking no position on appellant's motion. Prior to the commencement of appellant's testimony, the trial court stated that appellant was an eligible offender and that it could grant appellant's motion.

**{¶5}** At the hearing, appellant testified that he was residing in South Carolina and that he was 39 years old. He testified that he was approximately 24 years old and attending Ohio State University when he was charged and convicted. Appellant testified that he had completed his Bachelor's degree and that he had landed a job at Wells Fargo.

According to appellant, due to his criminal record, he had trouble getting a job and was held back at Wells Fargo. Appellant testified that he switched fields to get into IT and that he currently worked at Oracle. He further testified that since his conviction, he had married and had a young son. Appellant testified that his record would have an impact on applying for a new job at Oracle because Oracle had only looked back seven years for his current job, but would look back further. Appellant testified that he was motivated to have his record sealed "to make sure that I can maximize my educational and work experience and be eligible for anything that may present itself in the future,…" Transcript at 12. Appellant also testified that he had undergone counseling.

{¶6}    The following testimony was adduced when appellant was asked to explain why  the same situation would not happen again:

{¶7}    A.  I absolutely would not deal with it the same way because I have learned from a great financial impact and from just having to answer to employers about that record and that went onto many people having to defend my actions, but it's just much easier to comply even if I disagree with the police officer's request.

{¶8}    Q. How about respect to police officers who are just doing their job and asking you to do something and just following their duties, how have you dealt with them in the meantime and how would you deal with them today as you sit here today?

{¶9}    A. It's easier just to comply with the request even if I just disagree.

{¶10} Q. Do you continue to disagree with what the officer's did back then and went to trial, correct?

{¶11} A. Correct, yes.

**{¶12}** Q. And again, the Judge wants to know how you would deal with it differently, if you disagree with the officer and how would your behavior be and why? Everybody knows the right answer here, help the Judge understand what would be different here, help the judge understand why, and not just because it's easier.

**{¶13}** A. Do it differently just because I learned that – like you were saying, they are just doing a job and they might not agree with their orders either, so it's easier just to do what they say and in the end, it's everybody just doing a job, so.

Transcript at 20-21.

**{¶14}** Moreover, when asked if he still felt that he did not do anything wrong and that the incident was not his fault, appellant testified that he did not want to "rehash" everything. Trial Transcript at 18.

**{¶15}** The trial court, pursuant to a Judgment Entry filed on October 15, 2021, denied appellant's Application. While the trial court found that resisting arrest was an offense of violence, the trial court further found that the "State's need to maintain the record of Defendant's convictions out-weighs Defendant's interest in sealing them,… Further, the Court if not convinced Defendant had rehabilitated himself to a satisfactory degree."

**{¶16}** Appellant now appeals, raising the following assignment of error on appeal:

**{¶17}** "I. THE TRIAL COURT'S DECISION NOT TO SEAL MCBRIDE'S RECORD SHOULD BE REVERSED, BECAUSE ITS FINDINGS WERE ERRONEOUS, UNSUPPORTED BY THE RECORD, AND BECAUSE THE TRIAL COURT ABUSED ITS DISCRETION BY NOT SEALING IT."

I

**{¶18}** Appellant, in his sole assignment of error, challenges the trial court's decision to deny his Application to Seal Record.

**{¶19}** We review a trial court's decision to grant or deny a motion to seal records under an abuse of discretion standard. *State v. Poole,* 5th Dist. Perry No. 10-CA-21, 2011-Ohio-2956, ¶ 11, citing *State v. Widder,* 146 Ohio App.3d 445, 2001-Ohio-1521, 766 N.E.2d 1018, ¶ 6 (9th Dist.). In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶20}** Expungement is a privilege and not a right. An applicant must meet the requirements set forth in R.C. 2953.32 which governs sealing of record. *State v. Morris*, 5th Dist. Licking No. 09-CA-128, 2010-Ohio-2403, ¶ 8, citing *State v. Simon*, 87 Ohio St.3d 531, 533, 2000-Ohio-474, 721 N.E.2d 1041.

**{¶21}** R.C. 2953.32 states, in relevant part, as follows: "(A)(1) Except as provided in section 2953.61 of the Revised Code or as otherwise provided in division (A)(1)(d) of this section, an eligible offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the record of the case that pertains to the conviction, except for convictions listed under section 2953.36 of the Revised Code." R.C. 2953.31 defines an eligible offender as follows: "

**{¶22}** (a) Anyone who has been convicted of one or more offenses in this state or any other jurisdiction, if all of the offenses in this state are felonies of the fourth or fifth

degree or misdemeanors and none of those offenses are an offense of violence or a felony sex offense and all of the offenses in another jurisdiction, if committed in this state, would be felonies of the fourth or fifth degree or misdemeanors and none of those offenses would be an offense of violence or a felony sex offense;

{¶23}  (b) Anyone who has been convicted of an offense in this state or any other jurisdiction, to whom division (A)(1)(a) of this section does not apply, and who has not more than two felony convictions, has not more than four misdemeanor convictions, or, if the person has exactly two felony convictions, has not more than those two felony convictions and two misdemeanor convictions in this state or any other jurisdiction. The conviction that is requested to be sealed shall be a conviction that is eligible for sealing as provided in section 2953.36 of the Revised Code. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction.

{¶24}  Subsection (C) requires the trial court to consider the following in pertinent part:

{¶25}  (a) Determine whether the applicant is an eligible offender * * *.

**{¶26}** (c) If the applicant is an eligible offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;…

**{¶27}** (e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed against the legitimate needs, if any, of the government to maintain those records.

**{¶28}** Appellant initially argues that the trial court denied his request because it determined that resisting arrest is an "offense of violence."  The trial court found that appellant was an eligible offender and, in doing so, found implicitly that appellant had not been convicted of an offense of violence. The trial court next was required, pursuant to R.C. 2953.32(C) to determine as follows:

**{¶29}** (c) If the applicant is an eligible offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;…

**{¶30}** (d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

**{¶31}** (e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed against the legitimate needs, if any, of the government to maintain those records.

**{¶32}** In the case sub judice, no objection was filed by the prosecutor. The trial court found that the State's need to maintain the record of appellant's convictions outweighed appellant's interest in sealing the record and that it was not convinced that

Appellant had rehabilitated himself to a satisfactory degree. The trial court found from interacting with appellant through his testimony, which is cited in part above, that appellant still did not accept responsibility for his actions and indicated that he would treat law enforcement officers "differently now because it is 'easier' not because it is the right thing to do" and that appellant did not accept that he did anything wrong. Finally, the court found that appellant claimed to have learned something from the judicial process, but that it did not find such assertion credible.

**{¶33}** It is well established that the trier of fact is in a far better position to observe the witness's demeanor and weigh his/her credibility. *See State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967). After hearing from appellant, the trial court concluded the State's interest in maintaining the record outweighed appellant's interest in sealing his conviction. We find the record supports this conclusion.

**{¶34}** We cannot substitute our judgment for that of the trial court. The record reflects that, in ruling on appellant's application, the trial court expressly considered and carefully weighed appellant's interest in securing better employment, providing for his family and bettering himself against the State's interests in keeping the record of his convictions open and available to the public.

**{¶35}** Mindful of our standard of review, on the record before us, we cannot say that the reasons given by the trial court for its action are clearly untenable, legally incorrect, or amount to a denial of justice, or that the judgment reaches an end or purpose not justified by reason and the evidence. The trial court was in the best position to assess appellant's credibility and did not find credible appellant's assertions that he had learned

from his actions. Upon review, we find that the trial court did not abuse its discretion in denying appellant's motion to seal his record.

{¶36} The sole assignment of error is, therefore, denied.

{¶37} Accordingly, the judgment of the Municipal Court of Ashland County, Ohio is hereby affirmed.

By: Baldwin, J.

Gwin, P.J. and

Hoffman, J. concur.